## McIntyre v. The State.

[No. 21,068.   Filed March 11, 1908.]

1. Constitutional Law.—*Right to Bear Arms.*—*Concealed Weapons.*—Section 2345 Burns 1908, Acts 1905, pp. 584, 687, §449, making it a misdemeanor for any person, who is not a traveler, to carry certain weapons concealed, is not in violation of §§32, 33, Art. 1, of the Constitution, providing that the people shall have a right to bear arms for public and private defense, and that the military shall be subordinate to the civil power.   p. 164.

2. Statutes.—*Judicial Construction.*—*Reënactment.*—The reënactment of a statute or provision in a constitution which has been judicially construed, presumtively carries the construction theretofore given.   p. 164.

3. Constitutional Law.—*When Question of, Decided.*—*Carrying Concealed Weapons.*—*Officers.*—Whether a statute prohibiting all persons, except travelers, from carrying certain weapons concealed, is unconstitutional as to a police officer, will not be determined, where the evidence fails to show that defendant was an officer at the time the offense was committed.   p. 165.

From Criminal Court of Marion county; *William Irvin,* Judge *pro tem.*

Prosecution by the State of Indiana against Edwin E. McIntyre. From a judgment of conviction, defendant appeals. *Affirmed.*

*Charles Martindale,* for appellant.

*James Bingham,* Attorney-General, *A. G. Cavins, E. M. White, H. M. Dowling* and *L. M. Rappaport,* for the State.

Monks, C. J.—Appellant was convicted of the offense of carrying "concealed upon his person a dangerous and deadly weapon, to wit, a revolver," in violation of that part of "an act concerning public offenses" (Acts 1905, pp. 584, 687, §449, §2345 Burns 1908) which reads as follows: "Every person, not being a traveler, who shall wear or carry any dirk, pistol, bowie-knife, dagger, sword in cane or

any other dangerous or deadly weapon concealed,   *   *   *
shall, on conviction, be fined not exceeding $500."

The errors assigned call in question the action of the court
in overruling appellant's motion for a new trial.

In *State* v. *Mitchell* (1833), 3 Blackf. *229, the lower
court sustained a motion to quash an indictment charging a
violation of section fifty-eight of "an act relative to
crime and punishment" approved February 10, 1831

1. (R. S. 1831, pp. 180, 192), which was substantially
the same as the part of §2345, *supra,* before set out, and is
as follows: "That every person, not being a traveler, who
shall wear or carry any dirk, pistol, sword in a cane, or
other dangerous weapon concealed, shall upon conviction
thereof, be fined in any sum not exceeding $100," on the
ground that the same was unconstitutional. This court
held in said case that said section fifty-eight was not uncon-
stitutional.

The provisions of §20, article 1, of the Constitution of
1816, then in force, on the subject of bearing arms, were
as follows: "That the people have a right to bear arms for
the defense of themselves, and the State; and that the mili-
tary shall be kept in strict subordination to the civil power."
Said section was readopted as §§32, 33, article 1, of the
Constitution of 1851, which took effect November 1, 1851,
and is now in force, reading as follows: "Section 32. The
people shall have a right to bear arms for the defense of
themselves and the State. Section 33. The military shall
be kept in strict subordination to the civil power."

It has been held that when a clause or provision of a con-
stitution or statute has been readopted after the same has
been construed by the courts of such state, it will be

2. concluded that it was adopted with the interpreta-
tion and construction which said courts had enun-
ciated. *City of Laporte* v. *Gamewell, etc., Tel. Co.* (1896),
146 Ind. 466, 469, 35 L. R. A. 686, 58 Am. St. 359; *Board,
etc.,* v. *Conner* (1900), 155 Ind. 484, 496, and authorities

cited; Endlich, Interp. of Stat., §530; 2 Lewis's Sutherland, Stat. Constr. (2d ed.), §403; *Morton* v. *Broderick* (1897), 118 Cal. 474, 483, 484, and authorities cited.

Statutes regulating and prohibiting the carrying of concealed weapons have been held constitutional in other states. 2 Wharton, Crim. Law (10th ed.), §1557, and notes; Bishop, Stat. Crimes (3d ed.), §793; 2 McClain, Crim. Law, §1030; 1 Cent. L. J. 259-261, 273-275, 285-287, 295, 296.

Counsel for appellant concedes that the legislature has the power to regulate the manner in which arms shall be borne by the people, but contends that "the legislature has no power to deprive a peace officer of the state of the constitutional right to carry a revolver concealed upon his person while in the exercise of his statutory duties," and that §2345, *supra,* as applied to the peace officers of the State, is in violation of said §32, article 1, of the Constitution. This contention is based upon the theory that the evidence shows that at the time appellant carried "concealed upon his person a revolver," as alleged in the affidavit, he was a deputy constable in the discharge of his official duties, and, as such, a peace officer of the State. The cause was submitted to the court upon an agreed statement of facts. So far as this question is concerned the agreed statement of facts is that appellant was "at the time of his arrest a duly appointed deputy constable in and for Washington township, Marion county, Indiana." The record shows that an affidavit was filed in the police court of the city of Indianapolis charging appellant with carrying concealed weapons in violation of said §2345, *supra,* and that afterward a warrant was issued by the judge of said court by virtue of which appellant was arrested.

It is manifest that appellant may have been a deputy constable at the time of his arrest, and not one at the time he carried said revolver concealed upon his person, which must have been before said affidavit was filed, and the warrant was issued upon which he was afterwards arrested.

As the evidence did not show that appellant was a deputy constable at the time and place the alleged offense was committed, and as §2345, *supra,* is constitutional, even if it does not apply to peace officers of the State while engaged in the exercise of their official duties, the question of the constitutionality of said section, urged by appellant, is not presented by the record, and is not therefore determined. *Chicago, etc., R. Co.* v. *Glover* (1902), 159 Ind. 166, 170, and cases cited; *White* v. *Sun Publishing Co.* (1905), 164 Ind. 426, 430, and cases cited; *Tomlinson* v. *Bainaka* (1904), 163 Ind. 112, 119; *Gallup* v. *Schmidt* (1900), 154 Ind. 196, 201, 202; *State* v. *Gerhardt* (1896), 145 Ind. 439, 450, 33 L. R. A. 313; *Currier* v. *Elliott* (1895), 141 Ind. 394, 407.

Judgment affirmed.