GERTRUDE M. BARNHART, as Administratrix of the Estate of JOHN A. BARNHART, Deceased, Appellant, *v.* THE AMERICAN CONCRETE· STEEL COMPANY, Respondent.

**Workmen's Compensation Law of New Jersey — master and servant — negligence — a servant, a resident of New Jersey, having, as permitted by the New Jersey statute, elected to accept the remedies provided thereby instead of the common-law remedies for injuries, his legal representative cannot maintain a common-law action for the death of such servant from injuries received while working in this state.**

1. Under the Workmen's Compensation Law of New Jersey, if a servant prefers to retain his common-law remedies, he may give notice, within a certain time after his employment, and the remedies will be retained. If he chooses to renounce them in return for the statutory scheme of compensation, his voluntary choice is the source and origin of his right.

2. Where plaintiff's intestate, who, at the time of his death, was a resident of the state of New Jersey and in the employ of the defendant, a New Jersey corporation, had made and entered into the contract of employment in that state, but was at work for the defendant in this state at the time of his death, and had, under the New Jersey statute, giving him the right to accept or reject the statutory scheme of compensation, exercised the option to accept it and contracted accordingly, such contract became binding upon him and like any other valid contract enforceable in the state of New York, unless opposed to its public policy.

3. The right of action to recover for death, which is preserved by constitutional provision in this state (Art. 1, § 18), is the one provided for by section 1902 of the Code of Civil Procedure. That section authorizes the executor or administrator to maintain an action to recover damages for the wrongful killing of his decedent " against a natural person who, or a corporation which, would have been liable to an action in favor of the decedent by reason thereof if death had not ensued." The contract of employment made by plaintiff's intestate being one which would bar an action against defendant brought by himself, it is equally true that it bars an action by his personal representative, and the contract of employment being valid in New Jersey prevents the maintenance of an action for the recovery here sought in New York. (*Johnston* v. *Fargo*, 184 N. Y. 379, distinguished; *Colaizzi* v. *Pennsylvania R. R. Co.*, 208 N. Y. 275, followed.)

*Barnhart* v. *American Concrete Steel Co.*, 181 App. Div. 881, affirmed.

(Argued December 10, 1919; decided January 6, 1920.)

Appeal from a judgment, entered December 10, 1917, upon an order of the Appellate Division of the Supreme Court in the second judicial department, reversing a judgment in favor of plaintiff entered upon a verdict and directing a dismissal of the complaint.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Anthony J. Ernest* for appellant.   The New York Constitution (Art. 1, § 18) and the New York statutes give to the plaintiff the right to recover for pecuniary damages suffered by reason of the negligence of the defendant. Neither the New York Constitution (Art. 1, § 19, as amd.) nor any New York statute, properly construed, deprives the plaintiff of such right.   The right to recover damages for a tort causing death is governed solely by the law of the place where the tort was committed.   The contract of employment in New Jersey, amplified by the New Jersey Workmen's Compensation Act, properly construed, does not deprive the plaintiff of such right to recover for the pecuniary damages caused in New York by the negligence of the defendant.   (*Mexico C. R. Co.* v. *Eckman,* 205 U. S. 538; *Mexican Railway* v. *Chantry,* 136 Fed. Rep. 315; Cooley on Torts [3d ed.], 909; Dicey on Conflict of Laws, Moore's notes, 659, 667; Minor's Conflict of Laws, § 202; *Coyne* v. *Southern Pacific Company,* 155 Fed. Rep 683; *Phillips* v. *Eyre,* L. R. 6 Q. B. 1; *Matter of Doey* v. *Howland,* 224 N. Y. 30; *P. R., etc., Co.* v. *Schubert,* 224 U. S. 603.) The right of action (for death) was a property right of the beneficiaries to it.   (*Meekin* v. *B. H. R. R. Co.,* 164 N. Y. 145; *Hamilton* v. *Erie R. R. Co.,* 219 N. Y. 354; *Matter of Meng,* 227 N. Y. 264; *Jacobus* v. *Colgate,* 217 N. Y. 243; *T. & P. R. Co.* v. *Rigsby,* 241 U. S. 33, 39; *Rosin* v. *Lidgewood,* 89 App. Div. 252; *T. & N. R. Co.* v. *Miller,* 221 U. S. 408.)

*Theodore H. Lord* and *Otto D. Parker* for respondent. The contract of employment entered into by the deceased

with the appellant in the state of New Jersey conferred upon him the right to compensation under the Compensation Law of New Jersey, irrespective of any common-law liability, and by said contract the deceased for himself, his personal representatives and next of kin surrendered all right to any other method, form or amount of compensation than that provided by the Compensation Act for injuries sustained by accident arising out of and in the course of his employment, without regard to the state in which the accident occurred. (*Post* v. *Burger*, 216 N. Y. 544; *Shanahan* v. *Monarch Engineering Co.*, 219 N. Y. 469.)

McLAUGHLIN, J.   This action was brought to recover damages alleged to have been sustained by the death of plaintiff's intestate.   At the time of his death the intestate was a resident of New Jersey and in the employ of the defendant, a New Jersey corporation.   The contract of employment was entered into in that state.   At the time of his death he was at work for the defendant in the state of New York and the question presented is whether, by reason of that fact, the action can be here maintained.

The New Jersey Workmen's Compensation Act (Laws of 1911, ·chap. 95, as amended) provides that when an employer and employee shall, by agreement, either express or implied, accept the provisions of section 2 of the act, compensation for personal injuries to or for the death of such employee by accident arising out of or in the course of his employment, shall be made by the employer without regard to the negligence of the employee according to certain schedules set forth (Par. 7, sec. 2); that such agreement shall be a surrender by the parties thereto of their rights to any other method, form or amount of compensation or determination thereof, than that provided in section 2 of the act and an acceptance of all the provisions of section 2 shall bind the employee

himself, and for compensation for his death shall bind his personal representatives, his widow and next of kin, as well as the employer (Par. 8); that every contract of hiring made subsequent to the time provided for any act to take effect shall be presumed to have been made with reference to the provisions of section 2, and unless there be as a part of such contract an express statement in writing prior to any accident, either in the contract itself or by written notice from either party to the other, that the provisions of section 2 are not intended to apply, then it shall be presumed that the parties have accepted the provisions of section 2 and have agreed to be bound thereby.

There is a fundamental difference between the Workmen's Compensation Act of New Jersey and the Workmen's Compensation Act of New York. This difference it is important to keep in mind. Under one statute the scheme of compensation is optional, while in the other it is mandatory.

In *Matter of Post* v. *Burger & Gohlke* (216 N. Y. 544) this court held, at least inferentially, that the remedy under the New York statute was contractual in its nature. The court, however, did not mean that it was contractual in the strict sense, as was pointed out in *Matter of Smith* v. *Heine Safety Boiler Co.* (224 N. Y. 9). Judge Cardozo, who delivered the opinion, referring to *Matter of Post* v. *Burger & Gohlke* (*supra*), said: " Reading into the contract of employment the provisions of the statute, we held that a liability *quasi ex contractu* was imposed on the employer. Contractual in a strict sense, of course, the liability is not (*People ex rel. Dusenbury* v. *Speir*, 77 N. Y. 144; *Matter of Post* v. *Burger & Gohlke*, *supra*, at p. 549; *Ralli* v. *Troop*, 157 U. S. 386, 396; Angell, Recovery Under Workmen's Compensation Law for Injury Abroad, 31 Harvard Law Review, p. 619). If the parties were to agree that it should not attach, the courts would disregard their agreement." (p. 11.)

The New Jersey statute is different. Under that statute the rights which it creates and the duties which it imposes are contractual in the strict sense. It is optional with the employer, as well as the employee, whether or not the compensation, in case of injury or death, shall be paid. If a servant prefers to retain his common-law remedies he may give notice, within a certain time after his employment, and the remedies will be retained. If he chooses to renounce them in return for the statutory scheme of compensation, his voluntary choice is the source and origin of his right.

The plaintiff's intestate having the right to accept or reject the statutory scheme of compensation, exercised the option to accept it and contracted accordingly with the defendant. Such contract became binding upon him and like any other valid contract, enforceable in the state of New York, unless opposed to its public policy.

It is contended by the appellant that the contract, even though binding upon the intestate, is not binding upon his representatives. This contention is based upon the constitutional provision of the state of New York (Art. 1, sec. 18) to the effect that the right of action to recover damages for death shall never be abrogated. The right of action which is preserved by this constitutional provision is the one provided for in section 1902 of the Code of Civil Procedure. That section provides that the executor or administrator may maintain an action to recover damages for the wrongful killing of his decedent " against a natural person who, or a corporation which, would have been liable to an action in favor of the decedent by reason thereof if death had not ensued." Would the defendant have been liable to the decedent if the latter had survived? If his contract of employment would bar an action by himself, it is equally true that it bars an action by his personal representatives. They have the same rights he had and no others. They stand in his place.

This court held in *Kelliher* v. *N. Y. C. & H. R. R. R. Co.* (212 N. Y. 207) that where the decedent had permitted the Statute of Limitations to bar an action during his life, no action could, after his death, be maintained by his representatives.

The court also held in *Hodge* v. *Rutland R. R. Co.* (112 App. Div. 142; affd., 194 N. Y. 570) that where the decedent, in consideration of a free passage, had signed a contract relieving the carrier from liability for injuries caused by its negligence, his representatives were equally barred from maintaining an action to recover damages for his death.

And in *Anderson* v. *Erie R. R. Co.* (223 N. Y. 277) it was held that a release from liability for negligence given by plaintiff's intestate to defendant, in consideration of the reduced rate at which a railroad ticket was sold to him, prevented a recovery by his representatives.

I am of the opinion that the decedent, at the time of his death, did not have a right of action against the defendant. This must be so unless the contract which he made with it is so contrary to the public policy of the state of New York that the court should refuse to enforce it.

This court held in *Johnston* v. *Fargo* (184 N. Y. 379) that an agreement relieving the employer of all liability for negligent injuries to his employees was contrary to public policy and void. But it also held in *Colaizzi* v. *Pennsylvania R. R. Co.* (208 N. Y. 275) that an agreement, after an accident, to accept certain benefits in a relief fund in lieu of common-law remedies was valid and binding.

Is there any public policy of the state that would prohibit the enforcement of a contract made in New Jersey like the one here in question? I know of none. Indeed, shortly after this accident occurred, our own Workmen's Compensation Law took effect. Compensation laws of a similar character have been enacted in

very many of the states. Even before the New York act was passed, the Constitution of the state was amended for the express purpose of permitting the legislature to enact it. (Art. 1, sec. 19.) Under such circumstances, I can see no analogy between this case and the case presented in *Johnston* v. *Fargo* (*supra*). This is not an attempt to relieve the employer from liability. It is nothing more than an attempt to establish a scale of compensation which shall give the employee a remedy for all injuries, whether due to negligence or not. There is no doubt that such a contract would bind the employer, and if so, no reason has been suggested why it ought not to bind the employee. If it did bind him, then at the moment of his death his common-law right of action had been barred, and being barred against him, it was barred also against his representatives. The contract of employment was valid in New Jersey, and being so, prevents the maintenance of an action for the recovery here sought in New York. (*Piatt* v. *Swift & Co.*, 188 Mo. App. 584; *Pendar* v. *H. & B. American Machine Co.*, 35 R. I. 321.)

It follows that the judgment appealed .from should be affirmed, with costs.

HISCOCK, Ch. J., HOGAN, CARDOZO, POUND, ANDREWS and ELKUS, JJ., concur.

Judgment affirmed.