## CARL HAGENBECK AND GREAT WALLACE SHOW COMPANY *v.* BALL.

[No. 10,673. Filed March 12, 1920. Rehearing denied May 27, 1920. Transfer denied April 28, 1921.]

MASTER AND SERVANT.—*Workmen's Compensation Act.—Scope.— Contract of Hire Made in Foreign State.*—Where an employe of a circus company, a domestic corporation having its principal place of business in the state and which conducted its business by moving from town to town throughout the country, was injured within the state while enroute with the show from one city to another, *held* that the employer was liable for compensation under the Workmen's Compensation Act (Acts 1915 p. 392, §80201 *et seq.* Burns' Supp. 1918), though the contract of employment was executed in, and governed by, the laws of another state.

From the Industrial Board of Indiana.

Proceedings for compensation under the Workmen's Compensation Act by Anton Ball against the Carl

Hagenbeck and Great Wallace Shows Company.   From an award for applicant, the defendant appeals.   *Affirmed.*

*Samuel D. Miller, Frank C. Dailey, William H. Thompson, Sidney S. Miller, Albert L. Rabb* and *Arthur McCart,* for appellant.

*Fred Barnett,* for appellee.

DAUSMAN, J.—The appellant is an Indiana corporation, having its principal office and principal place of business at Indianapolis, and is engaged in the circus business.   In connection with the circus it owns a menagerie and employs a corps of performers.   It conducts its business by moving from town to town throughout the United States and Canada. · On June 13, 1918, at Toledo, Ohio, it made a contract in writing with appellee, by virtue of which appellee entered its service as an employe.   On June 21, 1918, it gave a performance at Michigan City, Indiana, after which it was transporting its menagerie, performers, and other. employes to Hammond, Indiana, by rail.   While being thus transported the appellee received a personal injury in a railway wreck.   He filed his application for compensation, and the proceeding resulted in an award at the rate of $11 per week.

The only contention presented by appellant is that the Indiana Workmen's Compensation Act (Acts 1915 p. 392, §8020l *et seq.* Burns' Supp. 1918) has no application to the case for the reason that the contract of employment was made in Ohio and is governed by the laws of Ohio.   The principle on which the contention rests is involved in the case of *Hagenbeck, etc., Show Co.* v. *Randall* (1920), *ante* 417, 126 N. E. 501, decided by this court adversely to appellant's contention. · On the authority of that case, the award is affirmed and the amount thereof increased five per cent.