LEADER SPECIALTY COMPANY *v.* CHAPMAN.

[No. 12,629. Filed July 1, 1926. Rehearing denied November 17, 1926.]

1. MASTER AND SERVANT.—*What law controls when employer and employee reside in different states.*—In the absence of a stipulation in a contract of employment that the law of the employer's state should control the rights of the parties, it will be presumed that they contracted with reference to the law of the state where the contract was to be performed. p. 298.

2. MASTER AND SERVANT.—*Jurisdiction of Industrial Board where contract of employment contemplated that work should be done in another state.*—Where an employment contract to be performed in another state did not stipulate that it should be subject to Indiana law, the remedy of the employee for in-

Leader Specialty Co. v. Chapman—85 Ind. App. 296.

juries received in the course of the employment would be under the law of the state where the contract was to be performed, and the Industrial Board of Indiana would have no jurisdiction. p. 298.

From Industrial Board of Indiana.

Proceeding under the Workmen's Compensation Act by Clarence E. Chapman against the Leader Specialty Company, employer. From an award for claimant, the defendant appeals. *Award set aside and application ordered dismissed.* By the court in banc.

*Pickens, Davidson, Gause & Pickens* and *Turner, Adams, Merrell & Locke,* for appellant.

*Florea & Seidensticker,* for appellee.

ENLOE, C. J.—On April 25, 1926, the appellee, while in the employment of appellant, received a personal injury by accident arising out of and in the course of his employment.

All the material facts in this case were by counsel for the respective parties stipulated upon the hearing before the single member of the Industrial Board who first heard said cause. The hearing member made an award to appellee, as did also the full board, upon a petition for a review, from which award, this appeal is prosecuted.

It was stipulated that the appellee is and was at the time of his employment and injury, a resident of Macon, Georgia; that the appellant is an Indiana corporation, with its principal office and place of business in Indianapolis, Indiana; that appellant is engaged in selling plumbing supplies throughout the United States, but has no branch offices; that it employs salesmen who are allotted districts within which to sell; that the territory allotted to appellee was wholly without the State of Indiana, and was principally within the State of Georgia; that the contract between the parties hereto was en-

tered into by correspondence. (The said correspondence being set out in full in said stipulation.) It was also agreed that the duties to be performed by appellee, under his said contract of employment, were to be performed entirely without the State of Indiana.

The correspondence offered in evidence, under said stipulation, as constituting said contract, consists of a number of letters, written by the appellant from its office in Indianapolis, Indiana, and directed to the appellee at Hartsville, South Carolina, where he appears to have been then employed, and of letters written by the appellee, from Hartsville, directed to appellant at Indianapolis, Indiana. From these letters, it appears that under date of February 12, 1925, the appellant wrote to the appellee at Hartsville, informing him that they could give him the "Georgia territory" and the compensation they could pay him, etc., and that by letters of the appellee, under dates of February 21, 1925, and of March 12, 1925, both written from Hartsville, South Carolina, and addressed to appellant at Indianapolis, Indiana, the said offer of employment was fully and finally accepted by the appellee. It was under the contract of employment so made that he shortly thereafter entered into the employment of appellant and so continued until the time of his injury.

This contract was, by its express terms, to be performed, in its entirety, without the State of Indiana, and in the State of Georgia. It was within the power

1, 2. and right of the parties, at the time they entered into the contract, to stipulate that the rights of the parties should be governed by the law of Indiana, that the law of Indiana should enter into and become a part of said contract, and that it should have the same force and effect, as between the parties, as though it were to be performed in its entirety in Indiana. This the parties did not do, and the law, therefore, presumes

that the parties contracted with reference to the laws of Georgia, where said contract was to be performed. In *Martin* v. *Kennecott Copper Corp.* (1918), 252 Fed. 207, suit was brought in the United States District Court of the State of Washington, against a corporation of that state, by an employee who received an injury while laboring for said corporation in Alaska. In passing upon the question presented, the court said: "The provisions of the law enter into and become a part of the contract of employment as fully as though stipulated therein." And it was held that the remedy must be taken under the law of Alaska. See, also, *Barnhart* v. *American, etc., Co.* (1919), 227 N. Y. 531, 125 N. E. 675. If the laws of Georgia entered into and became a part of the contract in question, it necessarily follows, under the law as declared by the above cited authorities, that the remedy of the appellee is under the law of Georgia (see *Crane* v. *Leonard, Crossette & Riley* [1921], 214 Mich. 218, 183 N. W. 204, 18 A. L. R. 285), and that the Industrial Board was without jurisdiction in this matter.

The award is set aside, and the Industrial Board is directed to dismiss the application.