PREMIER CONSTRUCTION COMPANY *v.* GRINSTEAD.

[No. 13,957. Filed March 11, 1930.]

*James W. Noel, Hubert Hickam, Alan W. Boyd* and *Robert D. Armstrong,* for appellant.

*Dudley L. Clarke, Thomas W. Beale, L. C. Willis, Frank Lorch, Jr.,* and *H. E. Hostettler,* for appellee.

ENLOE, J.—Appellee herein filed with the Industrial Board her application for an award of compensation, as the widow of one Thomas Grinstead, who, she alleged, died as the result of injuries sustained by accident while in the employment of appellant.

To this application, the employer, appellant, filed a special answer alleging that the Industrial Board of Indiana was without jurisdiction in the matter, for the

reason that the accident whereby the said Thomas Grinstead was injured, as shown by said application, occurred at the city of Henderson, in the State of Kentucky, while he was there working for the appellant, and that, theretofore, the said Grinstead had entered into an agreement with appellant and had made his election to operate and work under the Workmen's Compensation Law of the State of Kentucky, said agreement being as follows: "I hereby agree with Premier Construction Company to accept provisions of Chapter 33, Acts 1916, commonly known as Workmen's Compensation Act." It was also alleged that said election had never been withdrawn by either the employer or the employee; that said agreement had been entered into in compliance with §§74, 75 and 76, of the Workmen's Compensation Law of the State of Kentucky; that deceased, at the time of his death, was a resident of the State of Kentucky; that he received his said injury while working in the State of Kentucky, and that, by reason of the facts, the remedy of the appellee was under the laws of the State of Kentucky.

Upon a review, the full Industrial Board, by a majority of its members, awarded compensation to the applicant, and from that award this appeal is prosecuted. The sole question presented is as to the jurisdiction of the Industrial Board of this state. Did it have jurisdiction of the parties and of the subject-matter hereof, so that it was authorized to award compensation in this case?

The evidence that the appellant had complied with the laws of the State of Kentucky, that it and the deceased had, agreeable to the laws of that state, formally accepted the provisions of that law relative to compensation to be paid to an injured workman, that appellant, conformable to said law, was carrying compensation insurance covering its employees while working in the State of Kentucky, and that it was so operating on the

day the said deceased was injured, is not controverted, nor is there any evidence that the above-noted agreement and acceptance were ever withdrawn. There is, in fact, no dispute as to any material fact in this case. These facts are: That the appellant is a corporation duly organized under the laws of the State of Indiana, with its home office in the city of Indianapolis; that it is engaged in construction work, and the deceased was one of its employees working for it at such times as it had construction work on hands; that appellant had done construction work, building streets, etc., at different places in Indiana, and also at places in Illinois and in Kentucky; that about March 1, 1927, the deceased began work for appellant on the job at Henderson, Kentucky, and continued at such work, at said place, until October 28, 1927, when he was injured and taken to his home in Louisville, Kentucky, where he died December 11, 1927; that, after his death, appellee herein, claiming to be the wife of said deceased, filed an application for compensation on account of such injury and death with the Workmen's Compensation Board of the State of Kentucky, but, for some reason not disclosed by the record, this application was withdrawn and the application which is the basis of this controversy was filed with the Industrial Board of Indiana.

Of course, if the contract of employment had been made in Indiana, with the work to be done in Kentucky, by said employee, had been simply of a *transitory* nature and in furtherance of, or as an adjunct to, the carrying out of an Indiana project, the rule for which appellee contends, as laid down in *Hagenbeck, etc., Shows Co.* v. *Leppert* (1917), 66 Ind. App. 261, 117 N. E. 531, would apply, but the facts of this case do not bring it within that rule.

In the case of *Johns-Manville, Inc.*, v. *Thrane* (1923), 80 Ind. App. 432, 141 N. E. 229, this court, speaking by

Nichols, J., said: "Affirmatively speaking, we hold that a contract made in one state in contemplation of performance in another, is subject to the law of the state in which it is to be performed." In the case of *Bement Oil Corp.* v. *Cubbison* (1925), 84 Ind. App. 22, 149 N. E. 919, the employee, a resident of this state, was working for his employer in Arkansas, and, while so working, received an injury which caused his death, and we held that the Industrial Board of Indiana was without jurisdiction to award compensation. See, also, *Watts* v. *Long* (1928), 116 Nebr. 656, 218 N. W. 410, 59 A. L. R. 728.

In this case, we have a general contract of employment made in Indiana, whereby the employee was to work for appellant, on construction work in Indiana, Kentucky, Illinois, or wherever the work happened to be; he lived in Louisville and was directed to go to Henderson to work on a street repair job; he did so and was injured as before stated, and we hold that, under the facts of this case, the rights of the parties were controlled by the laws of Kentucky, and that the Industrial Board of Indiana was without jurisdiction in the premises.

Award reversed, with directions to dismiss the claim.