## CALKINS ET AL. *v.* SERVICE SPRING CO.

[No. 15,897. Filed March 22, 1937.]

*Pickens, Gause, Gilliom & Pickens* and *Harry L. Gause,* for appellants.

*Slaymaker, Merrill & Locke, James V. Donadio* and *Clarence F. Merrell,* for appellee.

CURTIS, J.—This is an appeal from an award of the Full Industrial Board of Indiana growing out of the

appellants' application for compensation for the accidental death of Percy Calkins, husband of appellant, Elva Stephens Calkins, and the father of appellant, Hugh Ingram Calkins, said Percy Calkins being the employee of the appellee, Service Spring Company, and the appellant child being a minor under eighteen years of age.

The issues were made by the filing of appellants' application for compensation, to which no special answers were filed.

Omitting formal parts, the finding and award are as follows: "And the Full Industrial Board having heard the argument of counsel, having reviewed the evidence and being duly advised therein, now finds that sometime during the year 1928 one Percy Calkins and the defendant herein, Service Spring Company, entered into a contract of employment, under the terms of which the said Percy Calkins was to confine his services to several states in the south and southwest, including the State of Texas. That the wages of the said Calkins would be in excess of $30.00 a week. That the contract of hire did not include any proviso by which the said Calkins would be covered by the Indiana Workmen's Compensation Law. That on March 30, 1935, Percy Calkins was employed by the defendant Service Spring Company. That on March 30, 1935, Percy Calkins died. That at the time of his death the said Percy Calkins was living with his wife, Elva Stephens Calkins, and his son, Hugh Ingram Calkins, both of whom were wholly dependent upon him for support.

"That on October 7, 1935, plaintiffs filed their application for the adjustment of a claim for compensation.

"And the Full Industrial Board now finds for the defendant on plaintiffs' application for the adjustment of a claim for compensation, that the Industrial Board is without jurisdiction in the premises.

## ORDER

"It is therefore considered and ordered by the Full Industrial Board of Indiana that plaintiffs shall take nothing by their complaint herein, and that they shall pay the costs of this proceeding."

From the above award the appellants in due time prayed and perfected this appeal, assigning among the errors relied upon for reversal the following: "That the final award of the Full Board is contrary to law." This one assignment is sufficient to present for review all questions sought to have reviewed.

The controlling facts in addition to those contained in the finding are not in dispute and may be summarized as follows: That the appellants' deceased had been in the employ of the appellee for seven or eight years and at no time lived in Indiana; that the appellee was an Indiana corporation with its office in Indianapolis and was engaged in the business of furnishing for sale automobile equipment such as springs and bolts and like products and that the deceased had been their salesman for such products during the time of his said employment; that the contract of employment was an oral one made in Indiana but was to be performed wholly outside of Indiana in what was termed the southwest territory, which included the State of Texas, where the deceased lived, and five other states; that the said contract of hire did not include any proviso by which the deceased would be covered by the Indiana Workmen's Compensation Law; that the deceased used his own automobile in travelling over his territory taking care of said business for which he was hired and that upon one of his trips on March 30, 1935, he stopped his said automobile along the highway and permitted two "hitch hikers" to ride and that after riding about 40 miles with him they killed him; that neither of said "hitch hikers"

had previously known the decedent or had ever heard of either him or the appellee and not until after his death did they obtain such information; that they robbed him of his personal effects after his death and in that manner obtained the knowledge as to his identity and that he was employed by the appellee; that at the time of his death the deceased had with him a small amount of money, his luggage and some small samples of bolts and the like and also some of the appellee's advertising matter and a copy of an order for goods which the deceased had previously obtained from a customer and an order book and possibly some other small items used in his business.

The appellants are met with two questions as follows: First, Did the Industrial Board of Indiana have jurisdiction in the premises? Second, Did the evidence show conclusively that the death of the appellants' decedent resulted from an accident arising out of and in the course of his employment?

The board found that it did not have jurisdiction and if that finding is correct, then it would be useless for us to proceed to determine the second question. The appellants recognize this fact in their brief when they say, "Logically the extraterritorial question involving the jurisdiction of the board should be treated first." We agree with the appellants in that respect and now proceed to determine that question.

The question as to what extraterritorial application should be given to Workmen's Compensation Laws has been a difficult and troublesome question both in England and in the states of this country where it has been before the courts. It is doubtful if it can be said that there has been what would approach to be substantial harmony in the decisions. This, however, we believe has been mainly the result of unlike provisions or the lack of any provisions in some of the various acts in

relation to extraterritorial application. See Schneider on Workmen's Compensation Law, section 47, in both the original work and in each of the four supplementary volumes under the same section.

The direct provisions of the Indiana Workmen's Compensation Act touching upon this question are sections 2, 4, and 20 of the act which we set out as follows: Section 40-1202 Burns 1933, §16378 Baldwin's 1934: "From and after the taking effect of this act, every employer and every employee, except as herein stated, shall be presumed to have accepted the provisions of this act respectively to pay and accept compensation for personal injuries or death by accident arising out of and in the course of the employment, and shall be bound thereby, unless he is hereby authorized so to do and shall have given prior to any accident resulting in injury or death notice to the contrary in the manner herein provided. This Act shall not apply to railroad employees engaged in train service." (Sec. 2.)

Section 40-1204 Burns Statutes 1933, §16380 Baldwin's 1934: "Every contract of service between any employer and employee covered by this act, written or implied, now in operation or made or implied prior to the taking effect of this act, shall, after the act has taken effect, be presumed to continue; and every such contract made subsequent to the taking effect of this act shall be presumed to have been made subject to the provisions of this act: Unless either party, except as provided in section eighteen, shall give notice, as provided in section three, to the other party to such contract that the provisions of this act other than sections ten, eleven and sixty-six are not intended to apply.

"A like presumption shall exist equally in the case of all minors unless notice of the same character be given by or to the parent or guardian of the minor." (Sec. 4.)

Section 40-1220 Burns 1933, §16396 Baldwin's 1934:

"Every employer and employee under this Act shall be bound by the provisions hereof whether injury by accident or death resulting from such injury occurs within the state or in some other state or in a foreign country." (Sec. 20.)

It is well settled in Indiana that the rights and duties provided for in the Workmen's Compensation Act are contractual, that is to say, that these rights and duties adhere to and must of necessity spring out of contract. It would therefore seem to follow that these rights and duties would, in so far as our Compensation Act is concerned, attach only to an Indiana contract or to a contract made in contemplation of performance, or at least part performance in Indiana. An apparent exception seems to be made in those cases where the employment is of a transitory nature. In the case of *Johns-Manville, Inc.* v. *Thrane* (1923), 80 Ind. App. 432, 434, 141 N. E. 229, this court held that ". . . a contract made in one state in contemplation of performance in another, is subject to the law of the state in which it is to be performed. . . . And a contract of employment made in Illinois to be performed in Indiana is in effect an Indiana contract and subject to the laws of Indiana including the Workmen's Compensation Law. An employee under such a contract, though his permanent residence is elsewhere, may well be said to be an Indiana employee." In the case of *Leader Specialty Co.* v. *Chapman* (1926), 85 Ind. App. 296, 152 N. E. 872, this court had under consideration a somewhat similar question to the one in this appeal. The Industrial Board had awarded compensation and the employer appealed from such award. In that case the employee at the time of his employment and injury was a resident of Macon, Georgia, and the employer was an Indiana corporation, with its principal office and place of business at Indianapolis, Indiana. The employer was engaged in selling

plumbing supplies throughout the United States, and it employed salesmen in different alloted districts; the territory allotted to the injured employee in this case was wholly without the State of Indiana and was principally within the State of Georgia. The contract of hire was by correspondence. While engaged in carrying on his duties as such salesman he was in an automobile accident resulting in his injuries. The court said (p. 298):

> "This contract was, by its express terms, to be performed, in its entirety, without the State of Indiana, and in the State of Georgia. It was within the power and right of the parties, at the time they entered into the contract, to stipulate that the rights of the parties should be governed by the law of Indiana, that the law of Indiana should enter into and become a part of said contract, and that it should have the same force and effect, as between the parties, as though it were to be performed in its entirety, in Indiana. This the parties did not do, and the law, therefore, presumes that the parties contracted with reference to the laws of Georgia, where said contract was to be performed."

In the case of *Premier Construction Company* v. *Grinstead* (1930), 91 Ind. App. 163, 166, 170 N. E. 561, this court speaking by Enloe, J., said: "In this case, we have a general contract of employment made in Indiana, whereby the employee was to work for appellant, on construction work in Indiana, Kentucky, Illinois, or wherever the work happened to be; he lived in Louisville and was directed to go to Henderson to work on a street repair job; he did so and was injured as before stated, and we hold that, under the facts of this case, the rights of the parties were controlled by the laws of Kentucky, and that the Industrial Board of Indiana was without jurisdiction in the premises.

"Award reversed, with directions to dismiss the claim."

It is true that in the last mentioned case the parties

agreed to be bound by the Kentucky Compensation Laws but the court seems to have given this fact no controlling effect and to have placed its decision upon other grounds.

See also *Finkley* v. *Eugene Saenger Tailoring Shop* (1935), 100 Ind. App. 549, 196 N. E. 536; The Johns-Manville case, *supra,* and the Leader Specialty case, *supra,* and the case of *Darsch* v. *Thearle Duffield, etc., Co.* (1922), 77 Ind. App. 357, 133 N. E. 525, later cited in this opinion, were each decided long before the re-enactment of the Workmen's Compensation Law in 1929. No change was made in the law in 1929 in the sections under consideration and we do not feel disposed now to change the principles of law announced in those decisions even if we had the power. It is a fimiliar and settled rule of construction that when a statute or a part of a statute has been construed by the courts of the state and the same is substantially re-enacted, the legislature adopts such construction unless the contrary is clearly shown by the language of the act. See *Board, etc.* v. *Conner* (1900), 155 Ind. 484, 58 N. E. 828; *McIntyre* v. *State* (1908), 170 Ind. 163, 83 N. E. 1005; *Fesler, Auditor* v. *Bosson* (1920), 189 Ind. 484, 128 N. E. 145; *Ward* v. *State* (1919), 188 Ind. 606, 125 N. E. 397; 2 Lewis' Sutherland, Statutory Construction, §403.

As throwing some light upon the question under consideration we also quote from 77 Ind. App. 357, 360 and 361 as follows: "The State of Indiana cannot regulate the conduct of citizens of foreign states. Its laws are of binding force and effect only upon persons within this state, and the language of said section as to employers and employees who shall be deemed to have accepted its provisions, manifestly was intended only to apply to such persons as were residents of this state and made their contracts of employment here, or made

such contract with reference to their performance, at least in part, within this state, or maintained an office and place for doing business within this state. To give to the act in question the force and effect contended for by appellant, and to so construe the same that it would apply to the parties hereto and to their said contract of employment, would, to our minds, render said act of doubtful validity, and such a construction will therefore be avoided whenever reasonably possible."

The last mentioned case was cited with approval and quoted from in the case of *Smith* v. *Menzies Shoe Co.* (1934), 98 Ind. App. 132, 188 N. E. 592.

It is true that the appellee and the deceased could have contracted to be bound by the Indiana Workmen's Compensation Act, in which event an entirely different situation would have presented itself, but the record conclusively shows that they did not so contract. Under the decisions of our court the contract of hire in the instant case is not subject to the Indiana Workmen's Compensation Law.

It is our opinion that the full board was correct in its decision that it did not have jurisdiction in the premises. This makes it unnecessary to discuss the other question indicated in an early part of this opinion.

Award affirmed.