ELKHART SAWMILL COMPANY *v.* SKINNER.

[No. 16,966.  Filed June 16, 1942.]

*Henry L. Humrichouser,* of South Bend, for appellant.

*Russell W. Conroy,* of Battle Creek, Michigan, and *Floyd O. Jellison,* of South Bend, for appellee.

STEVENSON, P. J.—This is an appeal from an award of the Industrial Board of Indiana under which the appellee was allowed compensation for an injury suffered by him on the 7th day of December, 1938.

The error relied upon for reversal is the usual statutory ground that the award is contrary to law. Under this assignment, the appellant challenges the jurisdiction of the Industrial Board of Indiana, and contends that the contract of employment, under which the appellee was working at the time of his injury, is not governed by the Workmen's Compensation Act of Indiana.

The record discloses that the appellant is an Indiana corporation, with its principal office and place of business at Elkhart, Indiana. The appellee lives in Fulton, Michigan, and has resided there for many years.

The record further discloses that the appellee first worked for the appellant as a timber cutter in 1935. He was employed at the time by a Mr. Bailey, who was also a resident of Michigan, and who was acting as agent for the appellant company in the work of buying and cutting timber in Michigan. The record discloses that the appellee cut some timber for the appellant under Mr. Bailey's employment and direction in 1935, and was paid therefor at a stipulated sum per one thousand feet. He did not work for the appellant in 1936. In 1937, he was employed to cut about sixty acres of timber in Indiana, and this employment lasted about one month. In September, 1938, Mr. Bailey came to the appellee's home to employ him to cut some timber near Union, Michigan. The appellee stated that he would accept employment on the condition that his brother be also employed. Mr. Bailey interviewed the brother, and together a price of $2.00 per thousand

feet was agreed upon, and the appellee and his brother started the work of cutting timber under this agreement. While working in this capacity, and on December 7, 1938, the appellee was injured by being struck by a falling tree. During the period of this employment, Mr. Bailey stated that the appellant was trying to buy some timber near Nappanee, Indiana, and asked the appellee if he would help cut this timber in the event the purchase was completed. The appellee stated that he would be willing to work in Indiana, but the record is silent as to whether or not this transaction was ever completed.

Under this state of facts, the appellant contends, that the contract of employment was made in Michigan, the appellee resided in and worked in Michigan, the injury which he suffered occurred in Michigan, and under such circumstances, the Industrial Board of Indiana is without jurisdiction to award compensation.

The appellee contends, on the other hand, that the contract of employment with the appellee was to be partly performed in Indiana; the appellant was an Indiana corporation operating in Indiana, and is accordingly bound by the Workmen's Compensation Act of this State.

It is a well recognized rule in this State that the rights and duties of employer and employee under the Indiana Workmen's Compensation Act are contractual in nature, and the provisions of the Workmen's Compensation Act are binding only in so far as the contract of employment is binding under the laws of Indiana. *Johns-Manville, Inc.* v. *Thrane* (1923), 80 Ind. App. 432, 141 N. E. 229.

As was said by this court in the case of *Calkins* v. *Service Spring Co.* (1937), 103 Ind. App. 257, 262, 7 N. E. (2d) 54:

"It is well settled in Indiana that the rights and duties provided for in the Workmen's Compensation Act are contractual, that is to say, that these rights and duties adhere to and must of necessity spring out of contract. It would therefore seem to follow that these rights and duties would, in so far as our Compensation Act is concerned, attach only to an Indiana contract or to a contract made in contemplation of performance, or at least part performance in Indiana. An apparent exception seems to be made in those cases where the employment is of a transitory nature."

Speaking further on this subject, our court has held:

". . . that in order for such a contract to be governed by the Indiana Workmen's Compensation Law it must be an Indiana contract, at least to the extent that it be made in contemplation of performance or at least part performance in Indiana, or unless the parties specifically agree to be bound by the Indiana law." *Fisher* v. *Mossman-Yarnelle Co.* (1938), 105 Ind. App. 22, 24, 13 N. E. (2d) 343.

Generally speaking, a contract made in one state in contemplation of performance in another is subject to the law of the state in which it is to be performed. The only exception to this rule is those cases where the work is of a transitory nature and is merely an adjunct to or in furtherance of the carrying out of a particular project. See *Carl Hagenbeck, etc., Shows Co.* v. *Leppert* (1917), 66 Ind. App. 261, 117 N. E. 531.

Facts similar to the case at bar were before this court in the case of *Bement Oil Corp.* v. *Cubbison* (1925), 84 Ind. App. 22, 25, 149 N. E. 919. In this case the Bement Oil Corporation was an Indiana corporation, with its principal office at Terre Haute. The injured employee resided at Princeton, Indiana. The Bement Oil Corporation was operating in Oklahoma and

employed appellee's decedent, Cubbison, to work for it in Oklahoma. While there working, he was accidentally killed. In holding that the Industrial Board was without jurisdiction, this court said:

"In the instant case, the contract was neither made in this state nor was it to be performed in this state. The fact that the employer maintained its principal place of business in this state and that the employee was a resident of this state does not make the compensation law of this state applicable."

The same result was reached by this court in the case of *Premier Construction Co.* v. *Grinstead* (1930), 91 Ind. App. 163, 166, 170 N. E. 561. In this case the Premier Construction Company was an Indiana corporation located at Indianapolis. The deceased was one of its employees, working for it at such times as it had construction work to do. He had worked at different places in Indiana, Illinois and Kentucky, and at the time of his injury was working for the appellant at Henderson, Kentucky. This court, in holding that the Industrial Board was without jurisdiction, said:

"In this case, we have a general contract of employment made in Indiana, whereby the employee was to work for appellant, on construction work in Indiana, Kentucky, Illinois, or wherever the work happened to be; he lived in Louisville and was directed to go to Henderson to work on a street repair job; he did so and was injured as before stated, and we hold that, under the facts of this case, the rights of the parties were controlled by the laws of Kentucky, and that the Industrial Board of Indiana was without jurisdiction in the premises."

The appellee seeks to distinguish this case last cited for the reason that the contract of employment contained a stipulation that the parties were to be governed by the compensation laws of Kentucky. This court has

held, however, that this fact did not control the decision. *Calkins* v. *Service Spring Co., supra.*

This rule as announced by our Indiana courts is generally recognized by courts in other jurisdictions. In the case of *Baggs* v. *Standard Oil Co. of N. Y.* (1920), 180 N. Y. S. 560, 562, the court said:

> "But where the injured party is not a resident of this state, and where he was not hired within the state, and where he rendered no service within the state, the Workmen's Compensation Act does not apply." See *Barnhart* v. *American Concrete Steel Co.* (1920), 227 N. Y. 531, 125 N. E. 675.

A review of the cases in Indiana, dealing with the question of the jurisdiction of the Industrial Board, discloses certain well defined legal principles. Our court has consistently held that where an Indiana corporation employs a nonresident by a contract made outside the State to work in territory outside of Indiana, the Indiana Workmen's Compensation Act does not apply, and the Industrial Board of Indiana has no jurisdiction to award or deny compensation. *Calkins* v. *Service Spring Co.* (1937), 103 Ind. App. 257, 7 N. E. (2d) 54; *Leader Specialty Co.* v. *Chapman* (1926), 85 Ind. App. 296, 152 N. E. 872; *Premier Construction Co.* v. *Grinstead* (1930), 91 Ind. App. 163, 170 N. E. 561.

The rule is equally well established that where an Indiana employer by a contract made in Indiana employs a servant, such contract of employment is within the provisions of the Workmen's Compensation Act, and the Industrial Board of Indiana has jurisdiction, even though the injury occurs outside the State. *Carl Hagenbeck, etc., Shows Co.* v. *Leppert* (1917) 66 Ind. App. 261, 117 N. E. 531; *Fisher* v.

*Mossman-Yarnelle Co.* (1938), 105 Ind. App. 22, 13 N. E. (2d) 343.

It has also been held that the Industrial Board of Indiana has jurisdiction of claims for injuries arising out of an out-of-state contract of employment made by an Indiana employer, where the employment and resulting injuries occur within the State. *Hagenbeck, etc., Shows Co.* v. *Randall* (1921), 75 Ind. App. 417, 126 N. E. 504; *Taylor* v. *Brainard* (1942), *ante* p. 265, 37 N. E. (2d) 714; *Johns-Manville, Inc.* v. *Thrane* (1923), 80 Ind. App. 432, 141 N. E. 229.

It has also been consistently held that the Industrial Board of Indiana is without jurisdiction in claims for injuries arising out of a contract of employment made by an out-of-state employer, contracting in a foreign state for work to be done in Indiana. *Norman* v. *Hartman Furn. etc. Co.* (1926), 84 Ind. App. 173, 150 N. E. 416; *Smith* v. *Menzies Shoe Company* (1934), 98 Ind. App. 132, 188 N. E. 592; *Finkley* v. *Eugene Saenger Tailoring Shop* (1935), 100 Ind. App. 549, 196 N. E. 536.

It will be observed from these authorities that, generally speaking, the Workmen's Compensation Act of Indiana applies only to Indiana employers (*Bishop* v. *International Sugar Feed Co.*, [1928], 87 Ind. App. 509, 162 N. E. 71) who contract for services to be performed, at least in part, in Indiana. The record before us discloses no evidence from which the Industrial Board could reasonably find that the appellee was working under a continuing contract, a part of which was to be performed in Indiana; nor is there any evidence from which the board could find that the contract of employment was an Indiana contract.

The evidence was accordingly insufficient to sustain the award. The award of the Industrial Board is ac-

cordingly reversed; and this cause is remanded for further proceedings not inconsistent with this opinion.

Award reversed.

NOTE.—Reported in 42 N. E. (2d) 412.