BEMENT OIL CORPORATION *v.* CUBBISON ET AL.

[No. 12,523. Filed December 17, 1925.]

1. MASTER AND SERVANT.—*Reasons given by Industrial Board in support of award not considered on appeal in absence of findings supporting them.*—Reasons given by the Industrial Board in support of award of compensation can be given no consideration on appeal in the absence of a finding of facts sufficient to sustain the reasons so stated. p. 23.

2. MASTER AND SERVANT.—*Workmen's Compensation Act not applicable when contract of employment neither made nor to be performed in this state.*—The Workmen's Compensation Act of this state is not applicable when the contract of employment was made in Illinois for work to be done in Arkansas, and the fact that the employee was a resident of Indiana did not change the rule nor would .a provision in the contract that if he was not satisfied with his work in Arkansas, he was to be given employment elsewhere.  p. 25.

From Industrial Board of Indiana.

Application for compensation by Mary D. Cubbison and others against the Bement Oil Corporation.  From an award for claimants, the defendant appeals.  *Reversed.*  By the court in banc.

*Cooper, Royse, Bogart & Gambill* and *McGaughey, Tohill & McGaughey,* for appellant.

*Charles O. Baltzell* and *Ernest R. Baltzell,* for appellees.

McMAHAN, J.—Jacob Cubbison while in the employ of appellant suffered an injury which resulted in his death.  His widow, Mary Cubbison, and his son, Harry Cubbison, filed their application for compensation on the ground of dependency.  From an award in favor of appellees, in which two members refused to join, appellant appeals.  The only proper assignment of error is that the award is contrary to law.  Under this assignment, appellant has attempted to present several reasons why in its opinion the award should be reversed.  But the only question presented to us for consideration relates to the sufficiency of the finding of facts to sustain the award.

Appellant is a corporation organized under the laws of this state and maintains its main office at Terre Haute.  It was qualified to do business in the states of Oklahoma and Arkansas, and was engaged in producing oil in the last named state.

Jacob Cubbison was a "freehold resident" of Princeton, Indiana, but, at the times mentioned in the finding of facts, was temporarily living at Lawrenceville, Illinois. Prior to February, 1924, he had been employed by the Indian Refining Company in Gibson county, Indiana, and later in Lawrence county, Illinois. The Indian Refining Company sold its holdings and Cubbison was without work. On March 1, 1924, the general manager of appellant from Tulsa, Oklahoma, got into communication with two of the stockholders of appellant. One of these stockholders had an interview with the decedent at his house in Lawrenceville, Illinois, while the other of said two stockholders called the decedent by telephone and gave the general manager's telegraphic message of employment. A week later, the decedent left for Arkansas, for work there for two months under the agreement that if he was not satisfied he was to be given employment elsewhere. Upon reaching Arkansas, he took charge of appellant's production as superintendent and was so employed on July 28, 1924, when he received an injury which resulted in his death. The board, in its finding of facts, after stating the facts, states that appellant defended on the ground that the board had no jurisdiction because the contract of employment was made in Arkansas, and that the work was to be performed there, and then, whether wisely or not, the board stated the reasons why the majority of the board did not accept the contention of appellant. In so doing, the board has stated some things which the evidence "tends" to show and some points made by appellees on the argument before the board, without finding the facts which the evidence tends to show or on which the argument of appellees was based. The reasons given by the board in support of the award can be given no consideration, in the absence of a finding of facts sufficient to sustain the reasons so given. For illustration, it is

said that appellees argued that Arkansas had no compensation law, but there is no finding that that state did or did not have such a law.

In *Hagenback, etc., Show Co.* v. *Randall* (1920), 75 Ind. App. 417, 126 N. E. 501, where a circus company, an Indiana corporation, had given no notice of its non-acceptance of the Workmen's Compensation Act, it was held that such company could not escape payment of compensation for the result of injuries sustained by an employee in the course of his employment while working in this state though the contract of employment was made in another state and provided that rights and liabilities of the parties should be governed by the laws of the District of Columbia.

In *Johns-Manville, Inc.,* v. *Thrane* (1923), 80 Ind. App. 432, 141 N. E. 229, it was held that a contract of employment made in another state for performance in this state was in effect a contract of this state and subject to the Workmen's Compensation Act, and that an employee under such contract, though a resident of another state, was an employee of this state and entitled to compensation.

In the instant case, the contract was neither made in this state nor was it to be performed in this state. The fact that the employer maintained its principal place of business in this state and that the employee was a resident of this state does not make the compensation law of this state applicable. To give a controlling influence to the fact that the employee was a resident of this state, temporarily living in another state, so as to allow compensation in this case, when compensation would have to be denied if such employee had been a resident of Illinois, would be granting rights and privileges to a citizen of this state which would not, under the same facts, be granted citizens of other states. Suppose that when Cubbison was employed to

go to Arkansas and work for appellant, another person residing in Illinois had also been employed under like circumstances; that both men went to Arkansas and both were injured in the same accident, would not a law granting compensation to Cubbison and denying it to the other be in conflict with the provision of the Constitution of the United States which prohibits the granting of rights and privileges to citizens of one state that, under like circumstances, are not granted to citizens of other states? See *Quong Ham Wah Co.* v. *Industrial Acc. Com.* (1920), 184 Cal. 26, 192 Pac. 1021, 12 A. L. R. 1190, where such a law was declared unconstitutional.

The contract of employment was neither made nor was it to be performed in this state, and was not subject to the compensation act of this state. The provision that the decedent, if not satisfied with his work in Arkansas, was to be given employment elsewhere, is not sufficient to make the contract an Indiana contract.

The award is reversed.