The motion for leave to file the petition for mandamus is overruled.

========

PRICE v. TEXAS EMPLOYERS' INS. ASS'N.
(No. 968—4800.)

Commission of Appeals of Texas, Section A. June 4, 1927.

Master and servant ⬦⟹369—Employee may sue in any court for injury arising out of state, subject to defendant's privilege to be sued in proper court (Rev. St. 1925, art. 8306, § 19; Const. art. I, §§ 13, 19).

In view of Const. art. 1, §§ 13, 19, guaranteeing a remedy by due course of law, and Rev. St. 1925, art. 8306, § 19, providing that employee hired in state who sustains injury in course of employment is entitled to compensation, even though injury was received out of state, employee injured outside of the state may sue in any court of competent jurisdiction within the state, subject to insurer's privilege of insisting that case be tried in court having venue thereof under statutes.

Error to Court of Civil Appeals, of Eighth Supreme Judicial District.

Suit to set aside final ruling and decision denying compensation for injuries by Guy E. Price against the Texas Employers' Insurance Association. Judgment for plaintiff was reversed by the Court of Civil Appeals, and case dismissed (291 S. W. 287), and plaintiff brings error. Judgment of the Court of Civil Appeals reversed, and cause remanded to that court for further proceeding.

R. A. D. Morton, of El Paso, for plaintiff in error.

Lea, McGrady, Thomason & Edwards, of El Paso, for defendant in error.

BISHOP, J. Plaintiff in error, Guy E. Price, entered into a contract of employment at El Paso, Tex., with C. E. Goetting, a subscriber under the Workmen's Compensation Law, to work in Lee county, in the state of New Mexico. In the course of his employment there he received injuries for which he filed claim with the Industrial Accident Board for compensation against defendant in error, Texas Employers' Insurance Association. The board dismissed his claim and refused him compensation. He gave notice that he would not consent to abide by the final ruling and decision of the board, and within 20 days thereafter filed suit in the district court of El Paso county to set aside the board's ruling and decision and for compensation for his injuries.

On trial in the district court he recovered judgment, and defendant in error perfected its appeal. The Court of Civil Appeals reversed the judgment of the district court and dismissed the cause, holding that, because our Workmen's Compensation Law confers exclusive jurisdiction on the courts of the county in which the injury occurs in all cases of injury occurring within the state and fails to specifically confer jurisdiction in cases where injury occurs outside of the state, no court would have jurisdiction in the latter cases, and the ruling and decision of the board would be final. With this holding we cannot agree. The Industrial Accident Board is not a court. The law expressly provides that:

"If an employee who has been hired in this state sustained injury in the course of his employment he shall be entitled to compensation *according to the law of this state, even though such injury was received outside of the state.*" Article 8306, § 19, R. C. S. 1925.

The statute having given the employee right to compensation, our Constitution furnishes a judicial tribunal in which such right may be determined, and guarantees a remedy therein by due course of law. Constitution, article 1, §§ 13 and 19. As the statute failed to designate a court to which plaintiff in error might apply to set aside the ruling and decision of the board and seek compensation for his injuries, he had the right to file his suit in any court of competent jurisdiction, subject to the association's privilege of insisting that same be tried in a court having venue thereof under our statutes.

Since the rendition of judgment by the Court of Civil Appeals herein, the Fortieth Legislature (Chapter 259) has so amended article 8306, § 19, as to confer exclusive jurisdiction in cases where an employee is injured outside of the state, section 1 of this amendment being as follows:

"If an employee, who has been hired in this state, sustain injury in the course of his employment he shall be entitled to compensation according to the law of this state even though

such injury was received outside of the state; and that such employee, though injured out of the state of Texas, shall be entitled to the same rights and remedies as if injured within the state of Texas, except that in such cases of injury outside of Texas, the suit of either the injured employee or his beneficiaries, or of the association, to set aside an award of the Industrial Accident Board of Texas, or to enforce it, as mentioned in article 8307, sections 5–5a, shall be brought either

"a. In the county of Texas where the contract of hiring was made, or

"b. In the county of Texas where such employee or his beneficiaries or any of them reside when the suit is brought, or

"c. In the county where the employee or the employer resided when the contract of hiring was made, as the one filing such suit may elect.

"Providing that such injury shall have occurred within one year from the date such injured employee leaves this state; and provided further that no recovery can be had by the injured employee hereunder in the event he has elected to pursue his remedy and recovers in the courts of the state where such injury occurred."

The Court of Civil Appeals did not consider other assignments of error presented on appeal, and we recommend that its judgment reversing and dismissing the cause be reversed, and the cause remanded to that court for further consideration.

CURETON, C. J. Judgment of the Court of Civil Appeals reversed, and cause remanded to the Court of Civil Appeals, as recommended by the Commission of Appeals.