PARHAM *v.* PARKER.

Opinion delivered April 20, 1931.

674

*Reinberger & Reinberger,* for appellant.

*Elmo Carl-Lee,* for appellee.

MEHAFFY, J. The appellant, Parham Construction Company, was engaged in the construction of a bridge on which appellee was working. The construction company is owned by J. E. Parham, an individual, and is not a corporation. The work was about one or one and one-half miles from Augusta, Arkansas, and the appellant agreed to convey employees, including appellee, to and from Augusta to the place of work. The regular driver of the truck which carried the employees from Augusta to their work and back had been disabled for two or three days, and another employee was driving the truck.

It is alleged that the truck was overloaded and stuck in the road, and that appellee and other employees were compelled to unload and extricate the bus by hand, and that the bus ran over plaintiff's right foot and struck his knee, injuring him. There is no controversy about the extent of the injury or the amount of the verdict. Therefore it is unnecessary to set out the evidence as to the extent of the injury.

Carl C. Richardson testified that he was employed as labor foreman and rigger for appellant, and had been for the last six years. He drove the truck from the job to Augusta at the request of some workmen. On the way the truck stalled and some of the men got out, among them Parker. The driver had not been driving more than a day or two and was doing this because the driver was sick. Saw three men put appellee in the truck and brought him on to town and took him home. Saw Parker back at work on December 30. The injury occurred on November 18. The truck was a 1½-ton Ford; it had stalled two or three times before that; it stalled every time they passed this particular place. Parker had been riding the truck two days, and it was for the convenience of the workmen. There was no agreement to carry them back and forth. Does not know how Parker was injured. No one asked or instructed Parker to get on the truck. Witness had been driving a truck for two years. No one told the workmen to get out and shove; they did it of their own free will. After the accident Parker said he had hung his foot in a wire and that threw him under the truck. Knew nothing about whether there was an agreement to haul Parker. The truck may have been overloaded; maybe twenty-five men. The engine did not have ordinary power; could not say what was wrong with the truck. This was the first or second day witness had driven this truck on this job. He testified that he just knew when a truck was running, but did not know what was the matter with it; that was out of his line of business. All he knew was that it was not

doing its work as it should. Parker said he tried to get on but hung his foot on a wire. They had been unloading at this place for the past week. The truck belonged to Parham or the company.

G. C. Parker, the appellee, testified that he is now working for the Austin Bridge Company, but worked for the appellant the past year; had made an agreement with W. H. Thomas, superintendent for appellant, for transportation before he was employed. There were about twenty-five men on the truck the night of November 18; it stalled, and the men walked through. After that, with the men shoving, the truck started, and appellee held on uphill and started to get on and his foot struck something, possibly a wire, and he was jerked under the truck. His right foot caught in the wire and the truck ran over it. Witness then testified about the extent of his injury and loss of time and said he was off duty at the time of the accident. Considered the truck a matter of convenience, was not compelled to ride on it. Saw the truck before entering and saw that it was overloaded, but did not know it was overloaded at the time as he did not know the capacity of the truck until after the injury. When truck stopped, some one said to shove it, but no one in authority told him to. He helped shove so as to speed up journey home for the workmen. Ran along side truck and tried to get on while it was moving. Did this voluntarily and caught foot on something in road. Some of the workmen used their own cars and some walked back and forth.

The appellant, J. E. Parham, testified that he made no agreement with appellee to transport him to and from work, and no one had authority to make such agreement. He furnished a truck for the workmen.

The above is the substance of all the evidence as to the injury and how it occurred. There was a verdict and judgment for appellee, and this appeal is prosecuted to reverse said judgment.

The appellant contends that there is no substantial evidence to support the verdict. Negligence on the part of the master is essential to his liability for injury sustained by the servant. He is not an insurer of his servant's safety. He is liable only for the consequences of his negligence, and, before there can be a recovery by an injured servant, the servant must show that the master owed him a duty which he failed to perform, and that such failure was the proximate cause of the injury. The test as to whether the master was guilty of negligence is whether he did what a person of ordinary prudence would have done under the circumstances. Negligence means the doing of something that a person of ordinary prudence would not do, or the failure to do something which a person of ordinary prudence would do under the circumstances. The presumption is that the master was not guilty of negligence, and the burden is upon the injured servant to prove the negligence of the master, and that such negligence was the proximate cause of the injury. When tested by these rules, does the evidence show that the master was guilty of negligence?

The undisputed evidence shows that at this particular place the truck had been stalling for several days. There was nothing about the overloading of the truck that appellee did not know as well as any one. It is true he says that he did not know the capacity until after the injury, but he did know how many people were on the truck, and he did know that it had been stalling at this place. The master was certainly not guilty of negligence in furnishing a truck to transport the workmen, and there is no evidence that the master was guilty of any negligence in any respect.

The appellee, however, contends that the master was guilty of negligence in employing an incompetent driver and cites and relies on the case of *Duff* v. *Ayers,* 156 Ark. 17, 246 S. W. 508.

In that case, however, the driver was a boy nine or ten years old, and the court said it was a question for

the jury to determine whether or not the appellee in that case assumed the risk because he continued in the employment with an inexperienced fellow-servant with a knowledge of his inexperience and with an appreciation of the danger. One employing a boy that young, of course, knows of his youth and inexperience, and whether or not the employment of one that age and inexperience is negligence is a question for the jury.

"The fact that the delinquent servant was a minor is an important, though not decisive element in determining his competency. Its evidential weight depends upon the character of the work to be done, the servant's previous experience, and his actual knowledge." Labatt's Master and Servant, vol. 3, 2881.

Whenever there is any substantial evidence of the negligence of the master in the employment of a fellow-servant, the master's negligence is a question for the jury. But the master is not liable for an injury to a servant unless there is some evidence of negligence of the master.

In this case the regular driver of the truck was sick, and at the time of the accident the truck was being driven by Carl C. Richardson. The undisputed proof shows that Richardson had driven a truck in 1920 at Bauxite, Arkansas, and that he had had at least two years' experience in driving a truck. It is true he said he did not know what was wrong with the truck. He was evidently not a mechanic, and was not employed as a mechanic, but there is no negligence in employing a person to drive a truck who had had two years' experience, and when there is no evidence tending to show either that he was incompetent or that there was any reason known to the master indicating his incompetency. There is nothing to submit to the jury.

The master in this case, not being a corporation, is not liable to a servant who has been injured by the negligence of a fellow-servant, unless the evidence shows that the master himself was guilty of some negligence.

It is contended in this case that the master was negligent in employing an incompetent or unskillful driver, but, as we have already said, there is no evidence tending to show that the driver was inefficient and no evidence of any negligence of the master. Of course, the evidence shows that this was probably the second time this driver had driven this truck, but it would make no difference if it were the first time if he had had two years' experience in driving a truck. The master would not be guilty of negligence in employing him unless he knew something that would indicate the incompetency of the servant. *L. R. & S. F. R. Co.* v. *Duffie,* 35 Ark. 602; *Fones* v. *Phillips,* 39 Ark. 17, 43 Am. Rep. 264.

This injury occurred when the appellee attempted to get back on the truck while it was moving, and his foot was caught in a wire, causing it to be run over by the truck. It was an unfortunate accident for which no one was liable.

The judgment of the circuit court is reversed, and the cause is dismissed.