## NORWICH UNION INDEMNITY CO. et al. v. WILSON et al.

### No. 11024.

Court of Civil Appeals of Texas. Dallas.
Oct. 10, 1931.

Rehearing Denied Nov. 14, 1931.

474

Geo. O. Wilson, W. H. Flippen, and John T. Gano, all of Dallas, for appellants.

White & Garborough, of Dallas, for appellee.

### VAUGHAN, J.

For convenience, the parties involved in this appeal will be designated herein as follows: Norwich Union Indemnity Company, appellant; Globe Indemnity Company, intervener; R. L. Wilson, appellee; White & Yarborough, attorneys. This is the second appeal of this case. See Norwich Union Indemnity Co. v. Wilson et al. (Tex. Civ. App.) 17 S.W.(2d) 68.

Appellee filed his suit in the court below on December 29, 1925, to set aside the final ruling and decision of the Industrial Accident Board of Texas, denying his claim for compensation under the Texas compensation statute, alleging that he sustained personal injuries at Florence, Ala., on October 24, 1924, while in the service of Uvalde Paving Company, a Texas corporation, with its home office in Dallas, Tex.; that he suffered total and permanent incapacity from such injuries;

that appellant was the insurer of his employer under the Texas Workmen's Compensation Act (Rev. St. 1925, arts. 8306–8309); that he was employed in Texas by Uvalde Paving Company and sent by said company to Alabama temporarily to work; that prior to and at the date of his injuries, he was a citizen of Texas; that his average weekly wages was the sum of $42; that he gave notice of his injuries within thirty days after sustaining same, and filed claim for compensation therefor within less than six months; and in the alternative alleged that, if the court found he did not file his claim within six months after sustaining his injuries, then he filed said claim within six months after he was physically able to do so, alleging that he was physically incapacitated to file such claim for seven and one-half months following the injuries on October 24, 1924. Appellee further alleged facts to show that he had a meritorious case and that he had good cause for failure, if any, to file his claim for compensation with the Industrial Accident Board within six months after sustaining his injuries. Appellee gave notice of appeal from the board's award within thirty days after the rendition thereof and filed suit to set aside said award within twenty days after giving notice of appeal. Appellant, by proper answer, contended that appellee was injured in the state of Alabama, therefore was not covered by the Workmen's Compensation Act of Texas; further, that he did not file his claim for compensation within six months after the date he received his injuries and that he was not physically incapacitated to file said claim, as alleged, and that he did not file his claim for compensation within six months after he was physically able to do so.

Intervener, under leave, filed its plea of intervention in the trial court on March 25, 1927, alleging that prior to and at the time appellee was injured it carried a policy of workmen's compensation insurance upon the Alabama employees of the Uvalde Paving Company; that it had paid compensation to appellee and money for hospital bills in his behalf, aggregating the sum of $928, in good faith, under the mistaken belief that it carried a policy of insurance covering appellee at the time of his injuries. Intervener asked judgment against appellant and appellee for said sum of $928 and interest thereon from the date said money was expended by it in the event appellee should recover against appellant.

Appellant answered said plea of intervention with general demurrer and general denial. Appellee filed a plea in abatement to said intervention; this plea, however, was not presented to the court. The following findings of fact were made by the jury in answer to some of the special issues submitted by the court, viz: That plaintiff sustained ac-

cidental injuries on October 24, 1924, while working for the Uvalde Paving Company as an employee; that said injuries were sustained in the course of his employment with said paving company; that plaintiff sustained total incapacity on October 24, 1924; that said incapacity was a natural result of said injuries; that such total incapacity was permanent; that payment of compensation to plaintiff by defendant in weekly installments instead of a lump sum will work a hardship and injustice to plaintiff; that $41.11 was the average weekly wage of plaintiff at the time of his injuries; that he was employed by the Uvalde Paving Company in 1924 in Texas, and sent by such employer during that year, prior to October 24, 1924, temporarily to the state of Alabama to work; that plaintiff was physically incapacitated by said injuries to file claim for compensation; that said physical incapacity continued from the date of his injuries for thirty-two weeks and three days; that plaintiff filed his claim for compensation with the Industrial Accident Board of Texas within six months after his physical incapacity to file claim ended; that the Uvalde Paving Company received notice of plaintiff's said injuries within thirty days after date same were received.

On this verdict judgment was rendered December 8, 1930, in favor of appellee against appellant, for the sum of $8,931, with interest thereon from date at the rate of 6 per cent. per annum, said amount being apportioned as follows: $5,904 to appellee and $2,977 to attorneys; that the intervener take nothing by reason of its intervention; that all costs incurred be adjudged against appellant. From which Norwich Union Indemnity Company and Globe Indemnity Company, respectively, duly prosecuted an appeal and by appropriate assignments of error said judgment and proceedings leading up thereto are before us for review and revision. Findings of the jury, being sufficiently supported by evidence to sustain same, are binding upon and are therefore adopted by this court as its findings of facts.

By its assignments of error, Nos. 3, 4, and 5, appellant contends that the trial court committed fundamental error in allowing intervener to file and prosecute its plea of intervention herein against appellant or against the appellee in this cause, this notwithstanding that the only part intervener took in the trial of said cause was to read to the jury its plea of intervention, being substantially herein set forth, and by assignments Nos. 91, 92, and 93 complained of the action of the trial court in permitting counsel for intervener to read its plea of intervention to the jury.

The record discloses that appellant did not attack said plea of intervention by plea in abatement; that counsel for intervener took no part in the case, other than to read said plea to the jury; that the court qualified the bill of exceptions taken on account of the reading of said plea of intervention, as follows: "Let the bill show the qualification that the defendant, Norwich Union Indemnity Company, filed no plea in abatement seeking to eliminate the Globe Indemnity Company from the case; there was no objection offered to the reading of the plea of intervention by counsel for the Globe Indemnity Company until after said pleading had been read to the jury by the attorney for Globe Indemnity Company."

Furthermore, in paragraph 75 of appellant's third amended original answer covering more than two pages, which was read to the jury, the same matters contained in said plea of intervention were alleged in detail. Therefore the reading of said plea of intervention to the jury was harmless and presents no reversible error, as the reading of said plea did not apprise the jurors of anything of which they had not theretofore been informed by the reading of appellant's answer. Said assignments are therefore overruled.

By its assignments of errors Nos. 12, 13, and 16, appellant contends that the trial court committed material error in overruling its pleas in abatement Nos. 7 and 8, and that the verdict of the jury and judgment of the court are contrary to law, because appellee had not the legal right to maintain his suit against appellant at the time of the filing of said pleas in abatement, nor did he have the right to file the same in the trial court at the time same was filed, for the reason that said court had no jurisdiction over appellee's cause of action, if any he had, "in that the employer's Liability Act of the State of Texas provided at the time of the accrual of the plaintiff's cause of action, if any he has, and at the time of the institution of this suit, that plaintiff appealing from the final ruling, decision and award of the Industrial Accident Board of the State of Texas, shall file suit in some court of competent jurisdiction and in the county in which the injury occurred, and at the time of the receipt of plaintiff's injuries, as complained of, and at the time of the filing of suit in this honorable court by plaintiff against this defendant, and at the time of the accrual of his cause of action, if any he, had or has now, the provision of the Employer's Liability Act of the State of Texas were limited in their scope and involved, and provided for only injuries occurring within the State of Texas; that it was not extraterritorial in its scope."

Section 19 of art. 8306, R. C. S. 1925, provides: "If an employee who has been hired in this State sustained injury in the course of his employment he shall be entitled to compensation according to the law of this State, even though such injury was received outside of the State."

The proof established the following facts: That appellant was employed in the state of Texas and was sent by his employer, Uvalde Paving Company, to the state of Alabama to work temporarily, and was injured while sojourning in the state of Alabama to do said work; therefore appellant's right to claim compensation on account of the injury sustained by him was secured to him by said statutory provision; furthermore appellee was specifically covered by the following provisions of appellant's policy:

"The obligations of paragraph one (a) of the policy to which this endorsement is attached are the obligations of the company and include such Workmen's Compensation Laws as are herein cited and described and none other; viz:

"Chapter 179, Laws of 1913, as amended by Chapter 103, Laws of 1917, and Chapter 115, Laws of 1921, and Chapter 177, Laws of 1923, State of Texas.

"The policy within its terms and provisions, covers the obligation of this employer (a) for compensation under the workmen's compensation law of the Home State for injuries wherever sustained if law is extra-territorial or otherwise applicable, * * * or (b) for damages because of the liability imposed upon him by law for such injuries to any employee wherever injured."

Section 19, supra, is embodied in the act of chapter 103, Laws of 1917, and therefore included in the obligations of paragraph one (a) of appellant's policy, supra. We therefore hold that appellee, on account of the injuries received by him in the course of his employment in the state of Alabama, is entitled to compensation according to the laws of the state of Texas then in force, this per force of the provisions of said section 19, supra, and the last-quoted provisions of appellant's policy. Article 8306, § 19, R. C. S. 1925; Norwich Union Indemnity Co. v. Wilson (Tex. Civ. App.) 17 S.W.(2d) 68; Price v. Texas Emp. Ins. Ass'n (Tex. Com. App.) 296 S. W. 284; Texas Emp. Ins. Ass'n v. Price (Tex. Civ. App.) 300 S. W. 667; Home Life & Acc. Ins. Co. v. Orchard (Tex. Civ. App.) 227 S. W. 705. Said assignments are accordingly overruled.

■ Appellant, by its assignments of error Nos. 14 and 15, and practically to the same effect by its assignment No. 18, contends that the trial court committed reversible error in overruling its plea in abatement and general demurrer presented to appellee's third amended original petition, for the reason "that plaintiff claims that he was injured on October 24, 1924, and alleged that he sustained said injuries while in the employ of the Uvalde Paving Company while working for said company in the State of Alabama; that immediately following the receipt of said injuries in said State, plaintiff elected to proceed under an attempt to ·collect compensation under the terms of the Workmen's Compensation Law of the State of Alabama (Acts 1919, p. 206) for identical injuries complained of in this suit, and that he filed his claim for compensation, after the receipt of said injuries and prior to the institution of this suit, with his employer, Uvalde Paving Company, and with the Globe Indemnity Company, insurer of the Uvalde Paving Company, operating in the said State of Alabama, and with the Industrial Accident Board, or like board or court, operating under said Workmen's Compensation Law of the State of Alabama, and sought compensation for his injuries received."

The evidence introduced on appellant's plea in abatement established that the payment of compensation for 44 weeks by intervener to appellee was made under the mistaken belief that its policy of insurance issued to the Uvalde Paving Company on its Alabama employees covered appellee, and that said payments were likewise received by appellee under the belief that same were being made on account of the policy of insurance issued to the Uvalde Paving Company, covering its Texas employees, and further established that appellee did not institute any proceedings, either before the Industrial Accident Board of Alabama or caused suit to be instituted for that purpose whereby said forty-four weeks' payments were made to him. This question, under a similar state of facts, was decided by this court adversely to appellant's contentions. See Norwich Union Indemnity Co. v. Wilson, supra. Said assignments are therefore overruled.

From the agreement made by the parties, as to the payments made by intervener to appellee, it can only be gathered that appellee agreed that intervener's policy covered the Uvalde Paving Company's Alabama employees, but not its employees who were citizens of another state and temporarily engaged in Alabama. Furthermore, we have not been able to find any evidence to the effect that appellee presented a claim for compensation in Alabama, or that premiums were paid on appellee's salary to intervener.

■ That there was no election of remedies by appellee must be apparent from the fact that he did not have two valid, available, and inconsistent remedies; this because he had no remedy under the Alabama law, as he was not an Alabama employee of the Uvalde Paving Company.

■ Appellant's assignments of error Nos. 94, 95, and 96 complain of the admission over the objection of appellant and of the action of the trial court thereon in refusing to instruct the jury not to consider the evi-

dence so objected to; the same being the following testimony of Dr. John L. Ford, a witness for appellee:

"Q. Have you got those ex-ray pictures with you? A. Yes, sir, I have all of them.

"Q. Will you show them; go to the window if you need light. A. I can see better at the window, if the jury doesn't mind going over to the window (goes to window). This picture is marked R·2444, and is a picture of the pelvis. 'R' means the right side. The picture is turned as though you were facing the patient. There are the lumbar vertebræ. This picture is R 2436, 'R' meaning right. It is a picture on the right side of the other one I showed you. 'R' is a front view of the right knee joint. The lower third of that bone and the femur, you will notice an old place—a Lane's Plate with three of the screws entirely worked out. Here is one, and here is one, and here is another, and there are only one left in that place. This picture numbered R 2337 which is a picture of the right thigh, and laterally, or a picture with the patient's thigh, the outside side lying next to the plate, or in other words a side view. It shows a curvature or engulation of the thigh bone. It has a curvature to the outside, and shows the old Lane's Plate with the screws, as in the other pictures."

Appellant objected to this testimony, after the witness had stated that the three screws had worked loose in the plate, on the grounds, (a) because there were no allegations to that effect and it was outside of the pleadings; (b) that it is prejudicial and inflammatory to the rights of appellant. As to the sufficiency of the pleadings to authorize the introduction of this evidence, we are of the opinion that the following allegations were sufficient for that purpose, although no reference is made therein as to the three screws having worked loose in the Lane's plate, viz.: "That the bone of plaintiff's right leg above the knee and between plaintiff's right knee and his right hip was broken, fractured and crushed, and plaintiff's right knee injured and that all of the tendons, leaders, ligaments, muscles, muscular attachments, nerves and blood vessels leading to and from plaintiff's right leg into his right knee, foot, hip and into his back were jerked loose, pulled loose, mashed, bruised, strained and sprained, causing plaintiff great and severe pain and suffering at the time of sustaining said injuries and ever since the date thereof and totally and permanently incapacitating plaintiff to work, labor or earn money; that as a result of the breaking and crushing of the bones in plaintiff's said right leg that it was rendered necessary for an operation to be performed thereon and his said leg to be cut open and steel plates inserted therein to furnish a support for the bones in plaintiff's leg, and his leg was opened by operation and steel plates inserted therein, and it was further neces-

sary for plaintiff to be confined to his bed for a period of seven and one-half months as a result of said injuries more particularly as a result of the injuries resulting to and resulting from the said breaks to plaintiff's said right leg, and that plaintiff suffers of severe and excruciating pain when he places any weight upon his right foot and leg and said pain radiates up and down plaintiff's said right leg and into his right knee, his right hip and into plaintiff's back, thereby totally disabling plaintiff to work, that when he does attempt to work or exert himself he feels sharp and excruciating pains in his right leg, right hip, knee and his back."

However, if we should be in error in the above conclusion, yet the admission of said testimony was immaterial error, in that all of the facts as shown by said three bills of exception to have been objected to were testified to by said witness, without any objection whatsoever either before or after the questions had been answered; therefore the action of the court in refusing to sustain objections of appellant made thereto, or its motion to exclude said testimony from the jury presented no reversible error. Saigh v. Laechelin (Tex. Civ. App.) 17·S.W.(2d) 838; Johnson v. Poindexter (Tex. Civ. App.) 9 S. W.(2d) 172. Furthermore, as shown by said bills of exception, no objection.was made to the admission of said testimony until after same had been introduced. Therefore objections thereto were waived. Bland v. Cruce (Tex. Civ. App.) 238 S. W. 720; Hemler v. Hucony Gas Co. (Tex. Civ. App.) 18 S.W.(2d) 942; Street et al. v. Masterson et al. (Tex. Civ. App.) 277 S. W. 407. Said assignments are overruled.

By its 101st assignment of error, appellant complains of the introduction in evidence of the policy of insurance sued upon, on the ground that it was not shown that appellee was an employee covered by the terms of said policy; that it had not been shown that the policy was extraterritorial in its scope. The discussion of the assignments of error Nos. 12, 13, and 16, supra, and the conclusion reached thereon, so thoroughly apply to this assignment of error, that same is adopted as ample reason for overruling assignment No. 101.

■ ■ By appellant's 167th assignment of error, it challenges the finding of the jury in answer to special issue No. 13, viz.: That the average weekly wage of appellee at the time of his injuries was $41.11, on the ground that said·finding was not supported by the evidence. The only evidence introduced on this issue was that of appellee, viz.: "Before I went to work for the Uvalde I was working·for the Power & Light Company. When I started to work for the Uvalde Paving Company they gave me $30.00 a week, and then raised me to $36.00, and when they

sent me to Alabama, they gave me $42.00. I worked for them for $30.00 a week for 3 or 4 months; at $36.00, about a month; and at $42.00 a week up until the time I got hurt, I guess about four months, something like that. During that time I worked six days a week. In the balance of the year before I got hurt when I worked for the Power & Light Company, about 3 months, we worked by the month, and they paid me $125.00 every fifteen days; it was $250.00 a month. I did the same kind of work for them that I did for the Uvalde Paving Company, concrete construction work. I also worked six days a week for the Power & Light Company. * * * "

Under the above testimony, it is apparent that the jury properly calculated appellee's average weekly wage. The evidence established that he had worked in the employment in which he was engaged at the time he was injured substantially the whole of the year immediately preceding his injuries, and that his average weekly wage was $42.73, being one fifty-second of his average annual wage, as shown by the evidence to have been $2,222 for the year immediately preceding the date of his injuries. The court rendered judgment for compensation at the rate of $20 per week. The jury found his average weekly wage was the sum of $41.11, and the recovery was allowed for 401 weeks from the date of the injury. We think the trial court properly determined the amount of appellee's compensation. Article 8306, § 10, and article 8309, § 1, subds. 1 and 5, R. C. S. 1925; Barron v. Texas Emp. Ins. Ass'n (Tex. Com. App.) 36 S.W.(2d) 464; Oilmen's Reciprocal Ass'n v. Harris (Tex. Civ. App.) 293 S. W. 580; Millers' Indemnity Underwriters v. Schrieber (Tex. Civ. App.) 240 S. W. 963, 970; Lumbermen's Reciprocal Ass'n v. Warner (Tex. Com. App.) 245 S. W. 664, affirming judgment (Tex. Civ. App.) 234 S. W. 545; Hartford Accident & Indemnity Co. v. Durham (Tex. Civ. App.) 222 S. W. 275; Texas Emp. Ins. Ass'n v. Bateman (Tex. Civ. App.) 252 S. W. 339.

■ As to the appeal prosecuted by intervener, it is only necessary to say that it affirmatively appears from the record that intervener had no right to intervene herein. The Texas Workmen's Compensation Act exempts all compensation paid thereunder from garnishment, attachment, judgment, and all other suits or claims; therefore intervener had no interest to protect that could be effected by the proceedings. The plea of intervention and the evidence in support thereof failed to show that intervener had an interest of such a nature and character and that it occupied such relationship to the subject-matter of the suit as would warrant a judgment in its behalf. We therefore hold that the court did not err in denying inter-

vener recovery on its plea of intervention. Article 8306, § 3, R. C. S. 1925; Municipal Gas Co. v. Lone Star Gas Co. (Tex. Civ. App.) 259 S. W. 684, affirmed 117 Tex. 331, 3 S.W. (2d) 790, 58 A. L. R. 797; Oatman v. Boone (Tex. Civ. App.) 244 S. W. 398; O'Brien v. Bank (Tex. Civ. App.) 239 S. W. 715; Watkins v. Citizens' Bank, 53 Tex. Civ. App. 437, 115 S. W. 304; Norwich Union Indemnity Co. v. Wilson et al. (Tex. Civ. App.) 17 S.W.(2d) 68. All other assignments of error have been carefully considered, and, finding no reversible error in them, same are respectively overruled. The judgment of the trial court is affirmed.

Affirmed.