## McGUIRE & CAVENDER v. EDWARDS.
### No. 4146.

Court of Civil Appeals of Texas. Texarkana.

March 31, 1932.

Rehearing Denied April 21, 1932.

Seay, Seay, Malone & Lipscomb, of Dallas, and James D. Head, of Texarkana, for appellants.

Elmer L. Lincoln, of Texarkana, and Hugh Carney, of Atlanta, for appellee.

LEVY, J. (after stating the case as above).

There is presented for decision on appeal the points that in the circumstances (1) the appellants were not amenable to the Workmen's Compensation Law of Texas, and (2) the action was a cause of action governed and controlled exclusively by the laws of the state of Arkansas, which are so dissimilar to the laws of Texas that the courts of this state cannot entertain jurisdiction to try the same, and (3) the negligence of the truck driver, as found by the jury, were acts of a fellow servant, which was a defense under the laws of Arkansas, and (4) assumed risk was applicable, which doctrine was in force in the state of Arkansas.

The important question first to determine is that of whether or not the provisions of the Workmen's Compensation Law of this state have application to the situation shown in the evidence. For, if we are to determine that the provisions of the Compensation Law, have not application, and the employer was not amenable thereto, then, it is thought that the plaintiff would likewise be precluded from recovery as respects her action for wrongful death based on the Arkansas statute. The jury made the affirmative finding that the death of the plaintiff's husband was caused solely through the fault of the truck driver in the manner of operating the truck. Under the law of Arkansas, as proven, the common-law rule of fellow servant is in force as respects an individual or partnership employer of labor. As held by the courts of that state, in a state of facts similar to the present case, a truck driver transporting other employees in the course of employment is a fellow servant for whose negligent acts the employer does not become legally responsible. Walsh v. Eubanks, 183 Ark. 34, 34 S.W.(2d) 762; Parham v. Parker, 183 Ark. 673, 37 S.W.(2d) 879.

The Workmen's Compensation Law provides that: "In all cases of injury resulting in death, where such injury was sustained in the course of employment, cause of action shall survive." Section 16, art. 8306 (Rev. St.). The facts show an injury in the course of employment within the meaning of the law. The employee was killed in Miller county, Ark., while being transported to his lodging in Texarkana, Tex., from his place of work in Miller county, Ark., as a part of the contract of employment. The relation of employer and employee would nevertheless exist during the transportation of the employee. Kirby Lumber Co. v. Scurlock, 112 Tex. 115, 246 S. W. 76; Jones v. Casualty Reciprocal Exchange (Tex. Civ. App.) 250 S. W. 1073. And it is further provided in section 19 of article 8306 that: "If an employee who has been hired in this State sustained injury in the course of his employment he shall be entitled to compensation according to the law of this State, even though such injury was received outside of the State." It is apparent that the provision was not intended to extend the compensation law to include an injury occurring without this state which was not referable or incident to service in the industry or business which the employer conducted or pursued in whole or in part in the territorial limits of this state. The statute could legally have no such extra-territorial effect. The language of the section makes it clear of purpose, it is believed, to have the Compensation Law by its terms fix the rights of the parties to a contract of hiring, and enjoin the payment of compensation for injuries received by the employee occurring without this state. In the absence of such provision, the Compensation Law would apply to injury occurring within the state only. And the aim was to write into the contract of hiring the additional terms of compensation for injury which might be "received outside of this State." It was intended by the provision to provide that the contract of hiring, made by an employer engaged in business, localized or partly carried on in Texas, should have the legal effect of including injuries received without this state in case such injury be referable or incident to service in the conduct of the business. A statute

is not void that requires a contract to be made by two parties to a hiring that the contract shall have extraterritorial effect.

Employment under the Compensation Act may be treated as contracts of hiring, to be interpreted and enforced as all other contracts, and as binding upon the parties for injuries or death sustained in any place to which such contracts of hiring extend the rights of the parties. And where, under Compensation Acts, as in this state, a contract of hiring is entered into, it would be presumed that such contract was entered into with reference to section 19 and as an integral part thereof, binding the parties, and enforceable the same as any other contract. In this view may the appellants be held amenable to the Workmen's Compensation Act in the situation shown in the evidence? In the evidence, the facts, which we must take as established, are substantially these: The appellee's husband was a resident of Texarkana, Tex. He was employed by appellants, a partnership, doing work through contract upon public highways generally in the area of Arkansas, Oklahoma, and portions of Texas and Louisiana, as such work might be open and secured in such places. He was hired by appellants at their office in Texarkana, Tex., to do labor upon the road in Miller county, Ark., upon which appellants were doing contract work. As a part of the contract of hiring he was to be transported from his home in Texarkana, Tex., to his work in Miller county, Ark. Appellants were not transient contractors with no domicile or place of business except in the locality of the particular contract then being performed. The circumstances are too definite to warrant the conclusion of pure fact that the appellants did not have nor intend to have and at all times use Texarkana, Tex., as their office and principal place of conducting their business. That was their place of business and used as such. One of the appellants, presumably the managing partner, bodily resided there. A warehouse for keeping supplies and tools of the business, and an office for the work of the business, were owned and maintained there. They transacted their banking business there. They used the locality as the place of convenience from which to "radiate from" or operate in the several states adjoining. They localized their business there as far as circumstances and conditions permitted. They maintained no office or branch office in Miller county, Ark. The legal effect of such facts would be to constitute appellants an inhabitant of this state within the purview of the venue statute. Pecos & N. T. Rwy. Co. v. Thompson, 106 Tex. 456, 167 S. W. 801. They would not be within the description of a "transient person," continually on the move from the respective states mentioned, in pursuit of business. And, likewise, the facts go to support the conclusion that the principal place of business of appellant was in Texarkana, Tex., and they were not conducting their business exclusively in Miller county, Ark., and that the contract of employment was made in Texarkana, Tex., and had a direct connection with the business conducted in Texarkana, Tex., and the injury was referable to or an incident of the business. In such situation the contract of hiring having been entered into in this state, section 19, art. 8306, would be read into the contract as an integral part thereof, and the case would stand precisely as if it had been expressly contracted that for an injury suffered outside of the state in the service of the business or employment the compensation due should be determined by the Compensation Laws of the place of contract. The liability in the case would therefore be enforced under the law of and at the place the contract of hiring is entered into, and not under the law at the place of the performance. Pierce v. Beckins Van & Storage Co., 185 Iowa, 1246, 172 N. W. 191; Bement Oil Corp. v. Cubbison, 84 Ind. App. 22, 149 N. E. 919; and other cases. It is believed that the appellants were subject to the Compensation Law of Texas, and that its provisions were applicable to the present case. Home Life & Accident Ins. Co. v. Orchard (Tex. Civ. App.) 227 S. W. 705; Texas Employers' Ins. Ass'n v. Price (Tex. Civ. App.) 300 S. W. 667; Id. (Tex. Com. App.) 296 S. W. 284; Norwich Union Indemnity Co. v. Wilson (Tex. Civ. App.) 43 S.W.(2d) 473; Ginsburg v. Byers, 171 Minn. 366, 214 N. W. 55; Hall v. Industrial Commission, 77 Colo. 338, 235 P. 1073; McGuire v. Phelan-Shirley Co., 111 Neb. 609, 197 N. W. 615. The factual element of having taken out insurance under the Compensation Law would not operate to distinguish some of the cases from the present one. The taking out insurance would only operate to show that the employer has elected to come under the terms of the law. The test is that of whether or not there has been a contract of hiring, and, if so, then the law presumes that the parties have accepted the provisions of section 19, art. 8306, and have agreed to be bound thereby.

We have considered each assignment of error presented and have concluded that they should be overruled as not warranting a reversal of the judgment.

The judgment is affirmed.

### On Rehearing.

It is urged by appellants that there was error in the original opinion of this court (1) in the conclusion of fact that Walter Edwards was hired in Texas, and (2) that section 19 of article 8306 of the Workmen's Compensation Law of Texas had application to the situation in this case.

The jury finding that the place Walter Edwards was hired was in Texas, we assumed

to be warranted by the evidence. After careful review of the evidence, though, we think that fact cannot be sustained, for the only conclusion warranted is that the place of employment of Walter Edwards was in Miller county, Ark. He was hired in Miller county, Ark., to work upon the roadway there in the course of construction, and as a part of the contract of employment was to be transported to and from the place of work on the roadway in Miller county, Ark., to his residence in Texarkana, Tex. The facts show an injury in the course of employment as Walter Edwards was killed in Miller county, Ark., while being transported to his lodging in Texarkana, Tex. The appellants, a partnership, were not conducting their business exclusively in Miller county, Ark., for they maintained their office and principal place of business in Texarkana, Tex. The injury in suit was referable to and an incident of the general contracting business of appellants, although the proximate cause of the injury was the act of negligent operation of the truck by the truck driver, a fellow servant of the injured employee. The appellants, in fact, were amenable to the Texas Workmen's Compensation Law, although they were nonsubscribers at the time of the injury. All such situation as stated above is, as we now conclude, shown by the evidence.

█ In the original opinion we concluded that, although the plaintiff was legally precluded of recovery under the laws of Arkansas, the place where the injury occurred, because the injury was solely caused by the act of a fellow servant, yet, in the situation shown, she would be entitled to recover under the provisions of section 19 of article 8306 of the Workmen's Compensation Law of Texas which would be applicable and govern, because the appellants were shown to be amenable to the Compensation Law, although they were nonsubscribers. After more mature deliberation it is concluded that there was error in the original ruling so far as determining that liability could be enforced under the provisions of section 19 of article 8306 in an action for damages brought by the beneficiary of an employee of a nonsubscriber of the Workmen's Compensation Law. It is believed that this provision of the Workmen's Compensation Law should be construed as applicable only where the employer of an employee has elected to accept the act and take out the policy of insurance, and not where the employer of an employee is a nonsubscriber. The act by its provisions is elective and not mandatory, and neither the employer nor the employee are bound by the provisions of the act unless they have both elected to come within and be bound by its provisions. Subdivision 4 of section 1, § 3a, section 4, of article 8306; Holland v. Stuckey (Tex. Civ. App.) 282 S. W. 951. Where both the employer and the employee have elected to come within and be bound by the provisions of the act, then, in seeking redress under it, the action for compensation for the injury or death must be brought pursuant to and in accordance with its terms and provisions. The provisions of the act then become a part of the contract of employment and enforceable between the parties as such. But if the employer elects not to be bound by the act, and not to come within its terms and provisions, then he is not in any wise subject to any of its terms or provisions with the one exception, namely, that he forfeits his right to interpose in a suit in the courts for damages for negligence the common-law defenses of contributory negligence, fellow servants, and assumed risk. The injured employee or his beneficiary of a nonsubscriber to the act is expressly referred to the courts for redress by an action at law for damages for negligence which is governed in all respects by the rules and principles of law applicable to such actions, except alone as respects the denied common-law defenses mentioned. Section 4 of article 8306 expressly restricts employees or their beneficiaries of nonsubscribers to a common law or a statutory suit in the courts "for all damages by reason of personal injury or death," and declares they "can not participate in the benefits of said insurance association." In all the reported cases where liability was enforced under provisions similar to section 19, art. 8306, the claim was for compensation under compensation acts and not damages in suits for negligence, and the employers were subscribers to the Compensation Act or with policies of insurance under it. We find no case that has so dealt with a nonsubscribing employer.

██ In view of the ruling above, the former ruling affirming the judgment will have to be set aside and judgment be here now entered reversing the judgment of the trial court and here rendering judgment in favor of the appellants. In the absence of contract otherwise providing, actions based upon negligence arising outside of the state can only be determined by the law of the state or place of injury. Under the law of Arkansas, where the death and the negligence causing it occurred, the appellee would be legally precluded of recovery in the facts because of the application of the common-law doctrine of fellow servant. The death was caused solely by the act of negligent operation of the truck by the truck driver, a fellow servant under the laws of Arkansas.