John LAZENBY, Appellant,

v.

HMT CONSTRUCTION SERVICES,
INC., Appellee.

No. 09–95–366CV.

Court of Appeals of Texas,
Beaumont.

April 10, 1997.

Rehearing Overruled April 24, 1997.

Mike Jacobellis, Tonahill, Hile, Leister & Jacobellis, Beaumont, for appellant.

Michael R. McGown, Steven Toups, Weller, Green, McGown & Toups, Beaumont, for appellee.

Before WALKER, C.J., and STOVER and HILL, JJ.

**OPINION**

HILL, Justice.[1]

John Lazenby appeals a summary judgment that he take nothing in this personal injury suit against his employer, HMT Construction Services, Inc. Lazenby, a Texas resident, was injured while working for HMT on a job in Delaware. He has received benefits from HMT's Pennsylvania workers' compensation carrier. He contends in four points of error that the trial court erred in granting the summary judgment and in concluding that HMT had workers' compensation coverage in Pennsylvania and that Texas courts would give effect to exclusivity provisions of either Delaware or Pennsylvania law. He also urges that there is a fact question as to whether his acceptance of compensation benefits from HMT's Pennsylvania carrier, without his having claimed such benefits, constitutes an election of remedies that bars his common-law negligence action.

We reverse and remand because the trial court erred in granting summary judgment for HMT, for reasons set forth in this opinion.

HMT, a corporation with an office in Pennsylvania, recruited Lazenby, a Texas resident, to work on a job at a refinery in Delaware. Lazenby injured his back on September 7, 1990, while working at the Delaware work-site. HMT had workers' compensation coverage in accordance with Pennsylvania law, but the summary judgment evidence does not establish that Lazenby's injury in Delaware was compensable under Pennsylvania workers' compensation law. *See* 77 PA.STAT.ANN. § 411.2 (West 1992). HMT had no Texas or Delaware

workers' compensation coverage. While Lazenby has not filed a claim for workers' compensation in Pennsylvania, he has, as previously noted, received benefits from HMT's Pennsylvania workers' compensation carrier.

Lazenby has filed for workers' compensation with the Texas Workers' Compensation Commission. The commission denied his claim because HMT has no Texas coverage. Lazenby then brought this negligence action against HMT.

The movant for summary judgment has the burden of showing that there is no genuine issue of material fact, and that it is entitled to judgment as a matter of law. *Nixon v. Mr. Property Management Co.,* 690 S.W.2d 546, 548 (Tex.1985). In deciding whether there is a material fact issue precluding summary judgment, evidence favorable to the nonmovant will be taken as true. *Id.* at 548–49. Every reasonable inference must be indulged in favor of the nonmovant, and any doubts resolved in its favor. *Id.* at 549.

HMT sought summary judgment on three bases: (1) Article 8306, Section 19 of the Workers' Compensation statute does not apply to non-subscribers; (2) Lazenby's common-law suit should be dismissed if there exists some workers' compensation act under which plaintiff could have claimed compensation; and (3) even if Article 8306, Section 19 applies to a non-subscriber, Lazenby's suit should be barred by his election of remedies.

■ We will first examine HMT's claim that it is entitled to summary judgment because there exists some workers' compensation act under which Lazenby could have claimed compensation. We must determine whether HMT established by summary judgment evidence that Lazenby could have claimed compensation in either Texas, Pennsylvania, or Delaware for the injury that he suffered.

HMT has failed to show that Lazenby's injury was covered by workers' compensation

---

**1.** The Honorable John Hill, sitting by assignment pursuant to Tex.Gov't Code Ann. § 74.003(b)

(Vernon 1988).

in any state. There has been no summary judgment evidence that HMT has any workers' compensation coverage either in Delaware or Texas. There has been a showing that HMT has workers' compensation coverage in Pennsylvania and that its carrier has paid benefits to Lazenby, but there has been no showing that Lazenby, who was hired in Texas and who was working in Delaware, qualified for Pennsylvania workers' compensation coverage. Consequently, HMT has failed to establish this basis for its motion for summary judgment, that there exists some workers' compensation act under which Lazenby could have claimed coverage. It follows, then, that the trial court erred in granting summary judgment for Lazenby, if the trial court granted it on that basis.

■ We next examine HMT's assertion that it is entitled to summary judgment because Article 8306, Section 19 of the Workers' Compensation statute does not apply to non-subscribers. It asserts that the statute does not apply to it since in Texas it is a non-subscriber.

Prior to its repeal, Article 8306, Section 19 of the old Texas Workers' Compensation Act provided that a Texas resident who was hired or recruited in Texas is entitled to compensation according to Texas law even though he received his injury outside the state, and is entitled to the same rights and remedies as if injured within Texas, subject to certain venue requirements concerning where the suit to set aside or enforce an award of the Industrial Accident Board of Texas is to be brought. The section restricted such coverage to an injury occurring within one year from when the employee left Texas, and it provided that the employee could have no recovery in the event the employee elected to pursue his remedy and recovered in the state where the injury occurred. TEX.REV.CIV.STAT. art. 8306 § 19 (Vernon Supp.1990) (Repealed).

■ HMT hired Lazenby only to work outside Texas. It was not a subscriber inasmuch as it did not provide workers' compensation insurance in Texas. Consequently, Article 8306, Section 19 has no application, because it does not apply when the employer is a non-subscriber, nor does it apply when the employee is hired or contracted in Texas to go out of Texas to perform labor or services, as opposed to a Texas employee that is incidentally or temporarily out of the state. *See S. Underwriters v. Gallagher,* 135 Tex. 41, 136 S.W.2d 590 (1940); *McGuire & Cavender v. Edwards,* 48 S.W.2d 1010, 1014 (Tex.Civ.App.—Texarkana 1932, writ ref'd); *Hardware Mutual Cas. Co. v. Brown,* 390 S.W.2d 53, 54 (Tex.Civ.App.—San Antonio 1965, writ ref'd n.r.e.).

Article 8306, Section 19, as it has been interpreted, provides that if an injured employee's employer has Texas workers' compensation coverage, but the injured worker is injured out of state under the conditions set forth in the statute, then that worker is entitled to workers' compensation benefits in Texas. Since HMT is not a subscriber in Texas, and because Lazenby was not just incidentally or temporarily out of the state, he could not seek Texas workers' compensation for his injury. However, neither the statute, nor any authority furnished to us by HMT, indicates that the non-applicability of this statute precludes an employee such as Lazenby from bringing his common-law negligence action in Texas in the event that the employer is a nonsubscriber with respect to his injury.

HMT relies on the case of *McGuire and Cavender v. Edwards, supra.* In *McGuire,* the court did not hold that the employee could not bring his wrongful death claim, a claim that was based on Arkansas law, in Texas because Article 8306, Section 19 did not apply. Instead, it held that because the statute did not apply the employee could not prevail under the claim since Arkansas substantive law would apply and the Arkansas fellow-servant doctrine would preclude such a claim. *Id.* at 1014. There is nothing in our record that would indicate that any provision of Delaware or Pennsylvania substantive law, unrelated to the workers' compensation statutes, would defeat Lazenby's common-law claim. We hold that the trial court erred if it granted summary judgment on this basis.

We now turn to HMT's third basis for its motion for summary judgment, that Lazenby's suit is barred by his election of remedies in that he has accepted benefits from its

Pennsylvania workers' compensation carrier after undergoing a medical exam and vocational assessment in that state.

As previously noted, Lazenby has accepted voluntary payments from HMT's Pennsylvania workers's compensation carrier following a medical examination and vocational assessment in that state. He has filed no workers' compensation claim in that state, he has not reached any settlement with that carrier, and, as we have noted, HMT's summary judgment proof has not established that his Delaware injury is covered by HMT's Pennsylvania workers' compensation coverage. We hold that Lazenby's mere acceptance of such benefits does not constitute an election of remedies that would preclude this common-law claim against HMT, even if his injury is covered by HMT's Pennsylvania coverage. *See Ferguson v. Hosp. Corp. Intern., Ltd.,* 769 F.2d 268, 275 (5th Cir.1985); *Grimes v. Jalco, Inc.,* 630 S.W.2d 282, 285 (Tex.App.—Houston [1st Dist.] 1981, writ ref'd n.r.e.); *Texas Employers' Ins. Ass'n v. Miller,* 370 S.W.2d 12, 17–18 (Tex.Civ.App.—Texarkana 1963, writ ref'd n.r.e.). In *Ramirez v. Pecan Deluxe Candy Co.,* 839 S.W.2d 101, 106 (Tex.App.—Dallas 1992, writ denied), the court held that with respect to when a worker has made an election between remedies under the Workers' Compensation Act and common-law negligence, a final award from the Texas Workers' Compensation Commission, including the exhaustion of judicial review of that award, is controlling on whether a worker has made this type of election.

In arguing that Lazenby is barred from bringing this common-law action against it because he has accepted benefits from its Pennsylvania carrier after submitting to a medical examination and a vocational assessment, HMT relies on the cases of *Hedgeman v. Berwind Railway Service Co.,* 512 S.W.2d 827 (Tex.Civ.App.—Houston [14th Dist.] 1974, writ ref'd n.r.e.) and *Porter v.Downing,* 578 S.W.2d 460, 461 (Tex.Civ.App.—Texarkana 1979, writ ref'd n.r.e.).

In *Hedgeman,* the court held that a worker who had brought suit for alternative and inconsistent claims for workers' compensation benefits was precluded, after settling with his employer's workers' compensation carrier and accepting the benefits claimed, from proceeding with the inconsistent common-law remedy. *Hedgeman,* 512 S.W.2d at 829.

In *Porter,* the court held that a worker could bring a common-law action against her employer, a subscriber under the Texas Workers' Compensation Statutes, in the case of an intentional tort, where the employee had not brought any claim for workers' compensation benefits. *Porter,* 578 S.W.2d at 461. In dicta, the court expressed its approval of other decisions which it states have held that such an employee is precluded from bringing an action based upon intentional injury where the employee has made a claim or accepted benefits under the Texas Workers' Compensation Act. It referred to three cases, *Grove Mfg. Co. v. Cardinal Const. Co.,* 534 S.W.2d 153 (Tex.Civ.App.—Houston [14th Dist.] 1976, writ ref'd n.r.e.); *Heibel v. Bermann,* 407 S.W.2d 945 (Tex.Civ.App.—Houston 1966, no writ); and *Jones v. Jeffreys,* 244 S.W.2d 924 (Tex.Civ.App.—Dallas 1951, writ ref'd). None of these cases is authority for any suggestion that might be contained in *Porter* that the mere acceptance of benefits, without making a claim for such benefits, constitutes an election of remedies that would preclude a common-law negligence action, because in all three of those cases the worker had claimed workers' compensation benefits.

*Porter,* and the other cases cited in *Porter,* all involved allegations by the worker of intentional, as opposed to negligent, torts. In two of those cases, the court referred to the inconsistency between the suit for an intentional tort and the worker's prior claim for workers' compensation benefits, which constituted a declaration that his injury was accidental. *See Grove,* 534 S.W.2d at 155 and *Jones,* 244 S.W.2d at 926. As noted, the court in *Hedgeman* also referred to the inconsistency of the worker's claims. For these reasons, we decline to adopt any part of the opinion in *Porter* that would indicate that the mere acceptance of voluntary payments from the employer's workers' compensation carrier constitutes an election of remedies that would prevent the bringing of a

common-law negligence cause of action by that employee against the employer, especially where, as here, the employer has not shown that it is a subscriber in any state with respect to the employee's injury.

The Texas Supreme Court, in the case of *Medina v. Herrera*, 927 S.W.2d 597 (Tex. 1996), pointed out that the election of remedies doctrine combines elements of estoppel, ratification, and unjust enrichment. *Id.* at 600. It indicated that an election will bar recovery when the inconsistency in the assertion of a remedy, right, or state of facts is so unconscionable, dishonest, contrary to fair dealing, or so stultifies the legal process or trifles with justice or the courts as to be manifestly unjust. *Id.* The court went on to hold that the worker in that case was precluded from bringing a tort action for an intentional injury against his employer by virtue of his having claimed and accepted workers' compensation benefits. *Id.* at 604. In reaching this conclusion the court expressed its disagreement with *Grimes v. Jalco, Inc.*, *supra*, to the extent that *Grimes* held that a final resolution of the compensation claim is always a necessary element of the election defense. *Id.* at 605.

The court's holding in *Medina* does not seem inconsistent with the cases cited by HMT that we have previously distinguished, to the effect that claiming and accepting workers' compensation benefits constitutes an election of remedies that precludes a common-law suit for an intentional tort. Since *Medina's* claim was for an intentional tort, any conclusion that the court reached as to what constitutes an election may or may not be applicable in the case of a common-law negligence action. However, even if *Medina* were construed as holding that the claiming and acceptance of compensation benefits also constitutes an election of remedies with respect to a common-law negligence cause of action, in the absence of a claim for those benefits, especially where, as here, HMT has failed to show that it is a subscriber anywhere with respect to Lazenby's injury, we hold that Lazenby's common-law negligence claim is not barred by an election of remedies.

Other than *Porter*, HMT has presented no case, and we are not aware of any, that holds that the mere acceptance of benefits constitutes an election of remedies that would bar a common-law negligence action. Again, even if the mere acceptance of compensation benefits could constitute an election of remedies, we do not think that it would in an absence of a showing by HMT that it is a subscriber with respect to Lazenby's injury. We hold that the trial court erred if it granted summary judgment on this basis.

■ In a post-submission brief, HMT suggests that it was entitled to its summary judgment because Texas should give full faith and credit to Pennsylvania's exclusivity provision, asserting that it would bar Lazenby's claim. It relies on the recent Texas Supreme Court opinion in *Larchmont Farms, Inc. v. Parra*, 941 S.W.2d 93 (Tex. 1997). In that case the Texas Supreme Court held that the exclusivity provisions of the New Jersey statute prevented a Texas worker, who was injured in New Jersey and who had filed a New Jersey workers' compensation claim with its employer's insurance carrier, from bringing a common-law cause of action in Texas against the worker's employer.

We find *Larchmont* to be distinguishable because the employer in that case was a subscriber with respect to the employee's injury, because there is no indication that the injury, which occurred in New Jersey, would not have been covered by the employer's New Jersey worker's compensation insurance. In this case HMT has not established that it was a subscriber with respect to Lazenby's injury. Although it carried workers' compensation insurance in Pennsylvania, HMT has not established that it covered Lazenby's Delaware injury. As noted by the Supreme Court in *Larchmont*, the exclusivity provision in Texas and New Jersey is to protect subscribers by providing workers' compensation as the exclusive remedy. *Id.* In the absence of a showing to the contrary, we also presume that is the purpose of the Pennsylvania exclusivity provision.

Therefore, while we give full faith and credit to the Pennsylvania exclusivity provision, as might be required by *Larchmont*, we

find that the Pennsylvania statute does not help HMT both because Lazenby has filed no claim for benefits under Pennsylvania workers' compensation statutes, and because the exclusivity provision has no application where, as here, HMT has not established that it is a subscriber under the act since it has not shown that it has workers' compensation coverage in any state that is applicable to Lazenby's injury. We sustain all of Lazenby's points of error.

The judgment is REVERSED AND RE-MANDED.